Ester YOTVAT and Shlomo Yotvat, individually and as personal representative of the Estate of Ohad Yotvat, Plaintiffs-Appellants,

v.

Stephen J. ROTH, William A. Gahl, and Paul J. Kaye, Defendants-Respondents.†

### Court of Appeals

*No. 79–139. Submitted on briefs July 11, 1979.— Decided January 23, 1980.*
(Also reported in 290 N.W.2d 524.)

† Petition to review denied. ABRAHAMSON, J., took no part.

For the plaintiffs-appellants the cause was submitted on the brief of *Richard P. Ruh* and *Schlotthauer, Johnson, Mohs, MacDonald & Widder* of Madison.

For the defendants-respondents the cause was submitted on the brief of *Bronson C. La Follette,* attorney general and *Charles R. Larsen,* assistant attorney general.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J.   Plaintiffs have appealed from the order of the circuit court which dismissed their complaint

for failure to state a claim for which relief can be granted and for lack of jurisdiction.

This is an action for the wrongful death of the plaintiffs' child March 17, 1978. The defendants are alleged to have been engaged in the practice of medicine at the University of Wisconsin Hospitals. The gravamen of the complaint is that the death resulted from the negligence of the defendants in their diagnosis of the child's illness and in their failure to prescribe an appropriate course of treatment. It is alleged that June 8, 1978 the plaintiffs received an opinion from another physician that defendants had been negligent, that June 23, 1978 the plaintiffs notified defendants by letter of the claim against the defendants and that July 26, 1978 the plaintiffs served sworn notice upon the Attorney General of Wisconsin of their claim by certified mail.

The court found that plaintiffs failed to state a claim because they failed to allege compliance with sec. 895.45, Stats., which provides in relevant part:

(1) No civil action or civil proceeding may be brought against any state officer, employe or agent for or on account of any act growing out of or committed in the course of the discharge of such officer's, employe's or agent's duties, unless within 90 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim for the injury, damage or death and the names of persons involved, including the name of the state officer, employe or agent involved.

. . . .

(3) The notice under sub. (1) shall be sworn to by the claimant and shall be served upon the attorney general at his office in the capitol by certified mail. Notice shall be considered to be given upon mailing for the purpose of computing the time of giving notice.

The issues are:

1. Is substantial compliance by a claimant with the notice provisions of sec. 895.45(1), Stats., sufficient?

2. Does the time limit in sec. 895.45, Stats., run from the date of discovery of the injury?

3. Does sec. 895.45, Stats., violate the equal protection clauses of the Wisconsin and United States Constitutions by discriminating against the tort victims of state employees?

4. Does sec. 895.45(1), Stats., violate the due process clauses of the Wisconsin and United States Constitutions?

*1. Substantial Compliance With Sec. 895.45, Stats., Is Insufficient*

Compliance with the notice provisions of sec. 895.45 (1), Stats., is a condition precedent to the existence of a cause of action against a state employee arising out of an act covered by the statute. A complaint which fails to show compliance with the statute therefore fails to state a claim upon which relief can be granted.

Section 895.45(1), Stats., provides that no action may be "brought" against a state officer, employee or agent unless the prescribed notice is given. Although the complaint does not allege that the defendants are state employees, the parties have assumed that to be the case in their briefs.

*Armes v. Kenosha County*, 81 Wis.2d 309, 313, 260 N.W.2d 515 (1977), is controlling. *Armes* held that where sec. 59.76, Stats. 1971, applied, a complaint must have shown compliance with the statute to state a cause of action. Section 59.76, Stats. 1971, provided that, "[n]o notice shall be brought or maintained" except within a specified period after a claim was filed and disallowed or within a stated period after the county board ad-

journed. *Armes* applied *Maynard v. DeVries,* 224 Wis. 224, 228, 272 N.W. 27, 28 (1937), which held that compliance with sec. 59.76, Stats. 1971, "is under the statutes of this state a condition precedent to the existence of a cause of action." *Armes,* 81 Wis.2d 309, 313, 260 N.W.2d 515, 517.

The plaintiffs contend that they have substantially complied with the notice provisions of sec. 895.45, Stats., and argue that substantial compliance is all the statute requires. They point out that there is no contention that their claim was stale when they served notice upon the attorney general and state that the attorney general has had time in which to investigate fresh facts.

Substantial compliance is insufficient to meet the terms of sec. 895.45, Stats. The statute provides that no action shall be brought unless the required notice is given. No exception is permitted. When the legislature has intended otherwise in a comparable situation, it has expressly allowed an exception to the time requirements in filing notice. Thus, sec. 895.43(1)(a) expressly provides that failure to give a notice required to be given to certain governmental organizations or employees shall not bar an action on a claim if the organization had actual knowledge of the claim and the claimant shows that the delay or failure to give the requisite notice has not been prejudicial to the defendant.

2. *The Ninety-Day Provision In Sec. 895.45, Stats., Runs From The Event Causing Injury Or Death*

Plaintiffs contend that the ninety days within which notice must be given should start to run from the date the claimant discovers the claim. Plaintiffs assert that they did not know that they had a claim until June 8, 1978 when they received the opinion of another physician that defendants had been negligent. If that date is used, then

plaintiffs gave timely notice to the attorney general. Plaintiffs contend that they should not be penalized for investigating the legitimacy of their claim before giving notice to the attorney general.

Section 895.45(1), Stats., provides that the notice must be given within ninety days of the *event* causing the injury, damage or death and does not refer, expressly or impliedly, to the date of discovery of the event.

*McCluskey v. Thranow*, 31 Wis.2d 245, 249, 251, 142 N.W.2d 787 (1966), rejected the view that the time should run from discovery as to the statute of limitation applicable to a personal injury action. *McCluskey* noted that where the legislature has intended the statute of limitations to run after discovery, the legislature has so provided. *Peterson v. Roloff*, 57 Wis.2d 1, 5–6, 203 N.W.2d 699 (1973), held that if the discovery rule is to be the law of this state, its adoption is a policy decision which should be made by the legislature.

Section 895.45(1), Stats., is a notice of injury statute rather than a statute of limitation. If the discovery rule is to apply to a notice of injury statute, this is as much a policy decision to be implemented by legislation as is application of the discovery rule to statutes of limitation.

We conclude that the period in which notice must be given under sec. 895.45(1), Stats., runs from the event causing the injury, damage or death, regardless when the event is discovered by the claimant.

### 3. *Denial Of Equal Protection*

Plaintiffs contend that sec. 895.45, Stats., creates two classes of tort victims: those injured by state officers, employees and agents and those injured by others. Victims of public employee tortfeasors must give the ninety-day notice required by sec. 895.45 but victims of other

tortfeasors need do nothing within that period to preserve their causes of action. Plaintiffs assert that the discrimination is unjustifiable and denies them equal protection of the laws under the fourteenth amendment to the United States Constitution and art. I, sec. 1 of the Wisconsin Constitution.[1]

All legislative acts are presumed to be constitutional. A heavy burden is placed upon the party challenging a statute's constitutionality. All doubts must be resolved in favor of the constitutionality of a statute. *Stanhope v. Brown County*, 90 Wis.2d 823, 837, 280 N.W.2d 711 (1979).

The appropriate test for review of the classifications of governmental and non-governmental tortfeasors and of their victims is whether a rational basis exists for the differentiation. *Stanhope*, 90 Wis.2d 823, 837; *Binder v. Madison*, 72 Wis.2d 613, 622, 241 N.W.2d 613 (1976).

*Stanhope*, 90 Wis.2d 823, 837–38, 280 N.W.2d 711, 717, applies the "rational basis" test as described in *McGowan v. Maryland*, 366 U.S. 420, 425–26 (1961) :

"[T]he Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classifi-

[1] Article I, sec. 1 of the Wisconsin Constitution provides:

All men are born equally free and independent, and have certain inherent rights among these are life, liberty and the pursuit of happiness; to secure these rights, governments are instituted among men, deriving their just powers from the consent of the governed.

The protection afforded by this provision is substantially equivalent to the due process and equal protection clauses of the fourteenth amendment to the United States Constitution. *State ex rel. Cresci v. H&SS Department*, 62 Wis.2d 400, 414, 215 N.W.2d 361 (1974).

cation rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it."

Plaintiffs rely on *Turner v. Staggs*, 89 Nev. 230, 510 P.2d 879 (1973), *cert. den.* 414 U.S. 1079 (1973) ; *Reich v. State Highway Department*, 386 Mich. 617, 194 N.W.2d 700 (1972) ; *Hunter v. North Mason High School*, 85 Wash.2d 810, 539 P.2d 845 (1975) ; and *Jenkins v. State*, 85 Wash.2d 883, 540 P.2d 1363 (1975), which hold that equal protection is denied by dividing tort victims into two classes: victims of private tortfeasors who are not subject to a notice or filing requirement and victims of governmental tortfeasors who must give the notice or file a claim.[2]

Each case relied upon by plaintiffs involved an action against a county, municipality or state as to which immunity for tort liability had been abolished. The only difference between governmental and private tort victims, for the purposes of those cases, was the statutory requirement that governmental tort victims give notice of injury or file a claim. No case relied upon by plaintiffs involved an action against a public employee, except *Turner v. Staggs, supra,* in which an action was brought against a county hospital and its administrator and dismissal of the action as to the administrator was not reviewed on appeal.

---

[2] To the same effect, *see also O'Neil v. City of Parkersburg,* 237 S.E.2d 504 (W. Va. 1977) ; *contra, Parton v. City of Huntsville,* 362 So.2d 898 (Ala. 1978) ; *Fuller v. Rutgers, State University,* 154 N.J. Super. 420, 381 A.2d 811 (1977) ; *Sears v. Southworth,* 563 P.2d 192 (Utah 1977) ; *Herman v. Magnuson,* 277 N.W.2d 445 (N.D. 1979) ; *Fritz v. Regents of University of Colorado,* 586 P.2d 23 (Colo. 1978).

The division of tort victims into those harmed by private tortfeasors and those harmed by public employees is a common law differentiation which is unaffected by sec. 895.45, Stats.

A public employee, merely because he is a public employee, is immunized from personal liability if he acts within the scope of his official authority and in the line of his official duties. *Cords v. Anderson,* 80 Wis.2d 525, 539, 259 N.W.2d 672 (1977) ; *Lister v. Board of Regents,* 72 Wis.2d 282, 300, 240 N.W.2d 610 (1976). This immunity is separate and distinct from the state's sovereign immunity. The state's immunity is procedural in nature and arises from the state constitution. The immunity afforded to public employees is "a substantive limitation on their personal liability for damages and is common law." *Lister,* 72 Wis.2d 282, 299, 240 N.W.2d 610, 621.

The public policy considerations underlying the public employee or officer immunity have been identified as follows :

(1) The danger of influencing public officers in the performance of their functions by the threat of lawsuit; (2) the deterrent effect which the threat of personal liability might have on those who are considering entering public service; (3) the drain on valuable time caused by such actions; (4) the unfairness of subjecting officials to personal liability for the acts of their subordinates; and (5) the feeling that the ballot and removal procedures are more appropriate methods of dealing with misconduct in public office. *Lister,* 72 Wis.2d 282, 299, 240 N.W.2d 610, 621.

The considerations underlying the common-law immunity of public employees constitute a rational basis for differentiating between the victims of private tortfeasors and public employee tortfeasors. Accordingly, the common-law differentiation does not deny plaintiffs equal protection of the laws.

The immunity of a public employee acting within the scope of his authority against personal tort liability is subject to exceptions: a public employee is liable for damages resulting from the negligent performance of a ministerial duty, *Cords v. Anderson,* 80 Wis.2d 525, 541; *Lister,* 72 Wis.2d 282, 300–01, or resulting from malicious, willful and intentional misconduct, *Lister,* 72 Wis.2d 282, 302.

Section 895.45, Stats., differentiates between members of the class of victims of torts which come within an exception to the public employee immunity rule. It divides the class of those tort victims into two subclasses: those who have given the notice required by sec. 895.45 and those who have not. A person has a cause of action against a public employee whose act comes within an exception to the rule of immunity, on condition that the victim gives the required notice. *Ocampo v. Racine,* 28 Wis.2d 506, 510, 137 N.W.2d 477 (1965).

As a public employee may suffer a personal judgment in favor of a tort victim, the state has provided public employees with limited financial protection. First, sec. 895.45(4), Stats., limits the amount recoverable against a state employee to $100,000. Second, a companion statute, sec. 895.46, provides public employees with additional protection comparable to liability insurance.

The indemnity statute, sec. 895.46, Stats., provides that if a judgment is obtained against a public employee because of acts committed while carrying out duties as such, and if the employee was acting within the scope of employment, then the judgment in excess of insurance coverage shall be paid by the state or political subdivision of which the defendant is an employee.

The sole purpose of the indemnity statute is to protect a public employee from personal financial loss because of a judgment resulting from an act committed within the scope of employment. Section 895.46, Stats., does not

permit a tort victim to bring suit against the state. *Cords v. Ehly*, 62 Wis.2d 31, 36–37, 214 N.W.2d 432 (1974). Section 895.46 does not affect the tort victim's cause of action against the public employee. "[I]n enacting sec. 270.58, Stats., [now sec. 895.46], the legislature contemplated that state employees were subject to suit in tort under the law of Wisconsin and wished gratuitously to shield them from monetary loss in such suits." *Cords v. Ehly*, 62 Wis.2d 31, 37, 214 N.W.2d 432, 435.

The purpose of sec. 895.45(1), Stats., is to permit the attorney general to investigate a claim against an employee which might result in a judgment to be paid by the state under the indemnity statute, sec. 895.46. Although couched in terms of a "notice of a claim," sec. 895.45(1) requires that the notice state the time, date, location and circumstances of the event giving rise to the claim. It is therefore a notice of injury statute, the function of which is to permit investigation, as contrasted to a filing of claim statute which creates an opportunity to effect a compromise without suit. *Pattermann v. Whitewater*, 32 Wis.2d 350, 357, 145 N.W.2d 705 (1966).[3]

---

[3] *Elm Park Iowa, Inc. v. Denniston*, 92 Wis.2d 723, 286 N.W.2d 5 (Ct. App. 1979), concluded that sec. 895.45, Stats., is a filing or notice of claim statute the purpose of which is to provide governmental authorities an opportunity to effect a compromise short of suit. *Elm Park* held that there must be a notice of claim and disallowance as a condition precedent to bringing a civil action against a state employee and that a complaint filed pursuant to sec. 895.45 must state that a claim was made and disallowed. While it is true that no action may be brought until a party files a claim pursuant to the requirements of sec. 895.45, the provisions of sec. 165.25, Stats., prevent the attorney general from settling or compromising suits against state employees until an action is brought. Section 165.25 provides, "The attorney general may compromise and settle *the action* as the attorney general determines to be in the best interest of the state." (Emphasis added.)

The investigatory purpose of sec. 895.45(1), Stats., is further indicated by a comparison of that statute with the indemnity statute. The attorney general must be given notice of circumstances in which the state may but will not necessarily be required to pay a judgment. The state will pay a judgment under sec. 895.46(1) only if the employee was "acting within the scope of employment." Notice must be given under sec. 895.45(1) on account of any act "growing out of or committed in the course of the discharge of such . . . employee's . . . duties." The difference between the tests is intentional. The same session law created sec. 895.45 and amended sec. 895.46 (formerly sec. 270.58, Stats.) so as to substitute the "scope of employment" test for the test of acting "in good faith." Sections 173p and 182c, ch. 333, Laws of 1973.[4] The test of "growing out of or committed in the course of the discharge of" the employee's duties is broader than the "scope of employment" test. *Compare Finsland v. Phillips Petroleum Co.*, 57 Wis.2d 267, 271, 204 N.W.2d 1 (1973); *Employers Mut. Lia. Ins. Co. v. ILHR Dept.*, 52 Wis.2d 515, 521, 190 N.W.2d 907 (1971); *Butler v. Industrial Comm.*, 265 Wis. 380, 383–84, 61 N.W.2d 490 (1953).

It is desirable that the attorney general have an opportunity to investigate claims which may ultimately

As no other state official or agency has authority to compromise or settle suits against state employees, and as sec. 895.45, Stats., makes no provision for disallowance of a claim, we find no mechanism within the statutes for a party to obtain a disallowance prior to bringing an action. We note that where the legislature has required notice of disallowance, it has expressly so provided. *See* sec. 895.43(1)(b). Although we agree with the result in *Elm Park*, we respectfully disagree with its conclusion that sec. 895.45 is a filing or notice of claim statute.

[4] Section 270.58, Stats., was renumbered sec. 895.45, Stats., by a Wisconsin Supreme Court order on February 17, 1975, effective January 1, 1976. *Wisconsin Rules of Civil Procedure*, 67 Wis.2d 761, and renumbered sec. 895.46, effective the same date, by sec. 61, ch. 198, Laws of 1975.

result in payments from the public treasury pursuant to the indemnity statute, sec. 895.46, Stats. Investigation may disclose facts substantiating a defense to a claim or show that the employee is not entitled to indemnity because the employee did not act within the scope of his or her employment. Classifications made between victims of public employee tortfeasors to protect public funds from unwarranted disbursements have a rational basis. *Stanhope*, 90 Wis.2d 823, 842.

We conclude that sec. 895.45, Stats., has not been shown on this record to deny the plaintiffs equal protection of the laws.

### 4. *Denial Of Due Process And Remedy For A Wrong*

Plaintiffs assert that the ninety-day notice required by sec. 895.45, Stats., is unreasonably short. They contend that they are therefore deprived of a remedy for a wrong guaranteed to them by art. I, sec. 9 of the Wisconsin Constitution and that they are deprived of property without due process of law, contrary to the fourteenth amendment to the United States Constitution.[5] A cause of action is a right which is protected by both constitutional provisions. *Rosenthal v. Kurtz*, 62 Wis.2d 1, 8, 12, 213 N.W.2d 741, 216 N.W.2d 252 (1974).

*Ocampo v. Racine*, 28 Wis.2d 506, 513, 137 N.W.2d 477, 481, held that compliance with a statute requiring a notice of injury to a municipality within one hundred and twenty days was a condition precedent to bringing an action against the municipality and that the period was not so unreasonably short as to violate art. I, sec. 9 of the Wisconsin Constitution or the fourteenth amend-

[5] Article I, sec. 9 of the Wisconsin Constitution provides:

Every person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character; he ought to obtain justice freely, and without being obliged to purchase it, completely and without denial, promptly and without delay, comformably to the laws.

ment to the United States Constitution. The court noted the policy in favor of giving a municipality notice of injury within a reasonable time and said that the legislature "has the right . . . to impose conditions on the individual's right to recovery and these conditions will be upheld unless they are unreasonable. A condition is unreasonable when compliance with it is almost impossible and in essence the individual is given no right of recovery." The court concluded that the period within which notice was required was not unreasonable or unjust.

Compliance with the ninety-day notice requirement is generally practical. The tort victim knows or should know in most instances that he or she has been wronged by a negligent or intentional act and ninety days should be sufficient time in which to prepare and serve notice on the attorney general. No exception exists for the victim who did not know and claims he or she could not have known. We wonder at the difference between the hard and objective ninety-day requirement of sec. 895.45 (1), Stats., which applies to the personal liability of public employees, as contrasted to the one hundred and twenty-day notice of claim requirement in sec. 895.43 (1) with respect to actions against governmental subdivisions where strict compliance is not required. We must, however, resolve our doubts in favor of constitutionality of the statute, *Stanhope,* 90 Wis.2d 823, 837, and conclude that sec. 895.45 (1) has not been shown on this record to deny plaintiffs due process.

A serious question remains, however, as to the constitutionality of that statute because of considerations not discussed by the parties.

Although the indemnity statute, sec. 895.46, Stats., only protects the employee against financial loss from a

judgment in favor of a tort victim and is not intended to affect the victim's rights against the employee, *Cords v. Ehly, supra,* non-compliance with the notice of injury provisions of sec. 895.45(1) produces a result which may bear little or no relationship to the purpose of the indemnity statute. Non-compliance with the notice requirements aborts[6] the victim's rights against the employee. Indeed, non-compliance aborts the victim's rights even as to an employee who may have *no* right to protection under sec. 895.46 because the employee may not have acted within the scope of his employment.[7] The indemnity statute provides protection only against financial loss where immunity does not exist and from legal expenses. The notice of injury requirement is intended to serve the purpose of the indemnity statute but creates an immunity for employees who would otherwise be personally liable and who may be unprotected by the indemnity statute in any event. Section 895.45(1) may have created an anomaly comparable to destroying a victim's rights against a tortfeasor because of an insurer's defense on a liability policy issued to the tortfeasor.

Equal protection requires a classification which rests on grounds relevant to the achievement of the state's

---

[6] We use the term "abort" because of the distinction between a notice statute which conditions the existence of a cause of action on notice and statute of limitation which limits the time to commence the action. *Ocampo v. Racine,* 28 Wis.2d 506, 508–10.

[7] *Compare Restatement (Second) of Torts* sec. 895D(3) at 411 (1979):

A public officer acting within the general scope of his authority is not subject to tort liability for an *administrative* act or omission if

(a) he is immune because engaged in the exercise of a discretionary function,

. . . . (Emphasis added.)

It is uncertain whether the public employee immunity rule in this state is limited to administrative acts or omissions.

objective. *McGowan v. Maryland,* 366 U.S. 420, 425–26 (1961). Due process requires that a law not be "unreasonable, arbitrary or capricious, and that the means selected shall have a real and substantial relation to the object sought to be attained." *Nebbia v. New York,* 291 U.S. 502, 525 (1934).

We decline, however, to invalidate a legislative act for unargued reasons which may support a constitutional challenge when properly raised. The question of the rights of governmental tort victims is a difficult one, and legislation in that area should not be overturned without complete briefing by the parties.

*By the Court.*—Judgment affirmed.