James D. DAILY, Plaintiff-Appellant,

v.

UNIVERSITY OF WISCONSIN, WHITEWATER,
and Board of Regents of the University of
Wisconsin System, and Jerry Gorby, Acting
Executive Director of General Services of the
University of Wisconsin, Whitewater Campus,
Defendants-Respondents.†

Court of Appeals

*No. 87–2037. Submitted on briefs May 26, 1988.—Decided July 14, 1988.*

(Also reported in 429 N.W.2d 83.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on briefs of *Michael J. Mealy* and *Mealy & Kelly* of Whitewater.

For the defendants-respondents the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Frank D. Remington,* assistant attorney general, of Madison.

Before Dykman, Eich and Sundby, JJ.

EICH, J.   James D. Daily appeals from an order dismissing his personal injury action against the University of Wisconsin—Whitewater, the University of Wisconsin Board of Regents and a university employee. The dispositive issue is whether substantial compliance with the notice of claim requirements of sec. 893.82(3), Stats., is sufficient, and, if so, whether Daily substantially met those requirements in this case. We answer both questions in the affirmative and reverse the order.

The basic facts are not in dispute. Daily, a student at Whitewater, injured his foot while jogging on a campus footpath. Several weeks later he filed a notice of claim with the office of the attorney general. The

notice, which set forth the time, date, location and circumstances of the injury, named only the State of Wisconsin and the University of Wisconsin—Whitewater as the responsible parties. Daily was advised by the university's counsel that his claim was being denied because the state and the board of regents were immune from suit, and also because the notice failed to state the name of the university employee alleged to be negligent, as required by sec. 893.82(3), Stats. That section governs actions against state employees and provides that no civil action may be brought against any such employee for acts arising out of his or her duties "unless within 120 days of the event causing the injury ... the claimant ... serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event ... including the name of the state ... employee ... involved."

Daily then filed a civil damage action in Dane County Circuit Court, naming as defendants the university, the board of regents and Jerry Gorby, the university's acting director of general services. Gorby was described in the complaint as the "ultimate party responsible for the maintenance of the buildings and grounds located on the [university] campus ...."

All defendants moved to dismiss the complaint—the university and the board on grounds that the doctrine of sovereign immunity bars any suit against them, and Gorby on grounds that the notice of claim filed with the attorney general failed to comply with the provisions of sec. 893.82(3), Stats., requiring the claimant to name the negligent employee. The trial court granted the motion, and Daily has appealed that portion of the judgment dismissing his action against Gorby.

The trial court's decision to dismiss against Gorby was grounded in our decision in *Protic v. Castle Co.,* 132 Wis. 2d 364, 369, 392 N.W.2d 119, 122 (Ct. App. 1986), where we stated that "substantial compliance with [sec. 893.82(3)] is insufficient," citing *Yotvat v. Roth,* 95 Wis. 2d 357, 361, 290 N.W.2d 524, 527 (Ct. App. 1980). Daily has satisfied us that our reliance on *Yotvat* was misplaced, and we withdraw the statement.

*Yotvat* held that substantial compliance was "insufficient to meet the terms" of the predecessor to sec. 893.82, Stats. (sec. 895.45, Stats. (1977)), because the legislature had provided that "no action shall be brought unless the required notice is given," and the plain language of the statute did not allow for any exceptions. *Yotvat,* 95 Wis. 2d at 361, 290 N.W.2d at 527.

Although the point was never raised in *Protic,* the legislature, some four months after the *Yotvat* opinion was released, amended sec. 895.45, Stats. (1977), renumbering it to sec. 893.82, Stats., and extending the notice time from ninety to 120 days. Sec. 30, ch. 323, Laws of 1979. More importantly, the legislature also added interpretive language to the statute stating that its purpose was to provide the attorney general with "adequate time," to investigate and settle claims, sec. 893.82(1)(a)1, and directing that its provisions "shall be liberally construed to effectuate this intent." Sec. 893.82(1)(b). (Sec. 1782, 1983 Wis. Act 27.)

■
The legislature is presumed to act with knowledge of appellate decisions interpreting state statutes. *Glinski v. Sheldon,* 88 Wis. 2d 509, 519–20, 276 N.W.2d 815, 820 (1979). Thus, when it added the "liberal construction" language to sec. 893.82, Stats.,

in the wake of our holding in *Yotvat* that the existing language left no room for a "substantial compliance" argument, it must be held to knowledge of that ruling. In a like manner, it also must be held to an awareness of the supreme court's criticism of the predecessor statute (sec. 895.45, Stats. (1977)) two years earlier in *Mannino v. Davenport,* 99 Wis. 2d 602, 615–16, 299 N.W.2d 823, 829 (1981). In that case, the court upheld the dismissal of a medical malpractice action against a university physician because of the injured plaintiff's failure to comply with the notice requirements—even though the plaintiff was unaware that the physician was a university employee. The plaintiff argued that the doctor waived compliance with the statute when he failed to raise the objection in his responsive pleadings. Reluctantly holding that the plain language of the statute—language the court said made notice "a condition in fact requisite to recovery by the plaintiff," *id.* at 615, 299 N.W.2d at 829—would not allow any claim of waiver to be interposed, the court stated:

> We do not enthusiastically endorse the result in this case. As exemplified by this decision, the requirements of sec. 895.45(1), Stats., produce harsh consequences. Nevertheless, the terms of this legislative enactment must be applied in accord with their plain meaning, and we are not free to ignore their import. Although the goals sought to be achieved by this statute* are not improper, we would recommend that the legisla-

---

*The statute's "goals" were said by the court to be "appris[ing] the proper authorities of a potential claim for the purpose of investigation and evaluation." *Mannino,* 99 Wis. 2d at 610, 299 N.W.2d at 826. As indicated, the legislature added a statement of purpose to the same effect in its 1983 amendment.

ture examine the possibility of attaining these objectives through less drastic means. *Id.* at 615–16, 299 N.W.2d at 829 (footnote added).

■

The subsequent legislative action appears to have been just that: a liberalization of the statute to avoid the harsh results pointed out by the *Mannino* court. We conclude, therefore, that the 1983 amendment had the effect of negating the statement in *Yotvat* that there could be no "substantial" compliance with sec. 893.82, Stats.

In *Radtke v. City of Milwaukee,* 116 Wis. 2d 550, 555–57, 342 N.W.2d 435, 438–39 (1984), the supreme court considered whether the plaintiff had substantially complied with the municipal notice-of-injury statute, sec. 81.15, Stats. (1975). The statute required the notice to state "the place where such damages occurred, and [to] describ[e] generally the insufficiency or want of repair which occasioned it and that satisfaction therefor is claimed of [the municipality] ...." The plaintiff's notice contained information about the accident, but neglected to state that she was seeking satisfaction from the municipality for her damages. In ruling that the plaintiff's notice substantially complied with the statute, the court stated:

> A notice of injury statute ... seeks to provide the proper authorities with an opportunity to investigate a claim which is not stale. The investigatory objective can be best fulfilled if the proper authorities have requisite and timely notice of the facts and circumstances of the incident. The requirements ... that the notice include information about the place of the incident and the alleged defects which caused the injury are essential to apprise the municipality of information necessary to carry

out an investigation. On the other hand, the information that satisfaction will be claimed from the municipality does not contribute information necessary to a proper investigation. *Radtke,* 116 Wis. 2d at 556, 342 N.W.2d at 438 (citation omitted).

■

In this case, Daily's notice contained information as to the time, date, location and circumstances of his fall and resulting injury, and the university does not challenge the adequacy of this information. The notice omitted only the name of the employee—Gorby, the university's acting director of general services. It contained the essential information necessary to the university's investigation of the incident, and omission of the name of one of the university's own officials should not nullify it. We note, too, that Daily reported the injury to the university police the day after he fell. Under the circumstances of this case, the official's name, which was readily available to the university, was not "essential to fulfill the objective of the statute." *Radtke,* 116 Wis. 2d at 556–57, 342 N.W.2d at 438–39 (footnote omitted). We conclude, therefore, that the notice substantially complied with sec. 893.82(3), Stats., and the order dismissing the action on that ground must be reversed.

*By the Court.*—Order reversed.