Kristin L. RENNER, Rhine Renner, Stephanie Renner, a minor, by her Guardian Ad Litem, James P. Brennan, and Midwestern National Insurance Corporation, Plaintiffs-Appellants, †

v.

MADISON GENERAL HOSPITAL, Wisconsin Health Care Liability Insurance Plan, Dr. C. Stahl, Dr. Harry Doe, M.D., Mary Doe, and Jane Doe, Defendants,

Dr. L. CURET, M.D., and Dr. M. Elson, M.D., Defendants-Respondents.

Court of Appeals

*No. 88-1567. Submitted on briefs May 8, 1989.—Decided August 24, 1989.*

(Also reported in 447 N.W.2d 97.)

† Petition to review filed. This petition was not disposed of at the time the volume went to press. Its disposition will be reported in a later volume.

For the plaintiffs-appellants, there were briefs by *James P. Brennan* of *Brennan & Collins,* of Milwaukee.

For the defendants-respondents, there was a brief by *Donald J. Hanaway,* attorney general, and *Waltraud A. Arts,* assistant attorney general.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J.   Plaintiffs appeal from an order dismissing their medical malpractice action against two doctors who are state employees. Plaintiffs' claim arises

out of medical care and treatment given to Kristin and Stephanie Renner, during Stephanie's birth. The issue is whether we should apply a discovery rule to sec. 893.82(3), Stats., so that the 120 days within which the plaintiffs were required to serve notice of their claim on the attorney general is computed from the time the plaintiffs learned that the defendants were state employees. We conclude that sec. 893.82(3) does not create an exception for a plaintiff who is unaware that a defendant is a state employee. Because the plaintiffs did not give the attorney general notice of their claim within 120 days of the event causing the alleged injuries to Kristin and Stephanie, the trial court correctly dismissed the plaintiffs' action.

Section 893.82(3), Stats., provides:

> Except as provided in sub. (5m),[1] no civil action or civil proceeding may be brought against any state officer, employe or agent for or on account of any act growing out of or committed in the course of the discharge of the officer's, employe's or agent's duties . . . unless within 120 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim for the injury, damage or death and the names of persons involved, including the name of the state officer, employe or agent involved.

Kristin was a patient of the Maternal Intensive Care Program (MICP) of the University of Wisconsin

---

[1] Section 893.82(5m), Stats., was created by sec. 72w, 1985 Wis. Act 340. The amendment was effective June 14, 1986 and does not apply to plaintiffs' claim.

Medical School, located at Madison General Hospital. The defendant, Dr. Luis Curet, was director of the MICP. The defendant, Dr. Marygrace Elson, was employed by the University of Wisconsin Hospital and Clinics as a resident. The plaintiffs allege that Drs. Curet and Elson were negligent in their care and treatment of Kristin and Stephanie from September 12, 1984, through Stephanie's birth on September 14, 1984.

Kristin avers that she was not informed that Drs. Curet and Elson were state employees. On November 14, 1987, her counsel became aware of the doctors' status by virtue of their motion to dismiss. The plaintiffs filed their claim with the attorney general within 120 days after they learned that the doctors were state employees.

Because the trial court received affidavits and depositions, the defendants' motion to dismiss was converted to one for summary judgment. *Radlein v. Industrial Fire & Cas. Ins. Co.,* 117 Wis. 2d 605, 608–09, 345 N.W.2d 874, 877 (1984). There are no disputed issues of material fact. We therefore analyze and apply the law without deference to the trial court. *Id.* at 613, 345 N.W.2d at 879.

Plaintiffs rely on *Daily v. Wis. University, Whitewater,* 145 Wis. 2d 756, 429 N.W.2d 83 (Ct. App. 1988). In *Daily,* we held that in a personal injury action against the state university and certain state employees, timely notice to the attorney general was sufficient under sec. 893.82(3), Stats., even though it omitted the name of the employee who was responsible for the part of the campus on which the claimant was injured. The plaintiffs argue that *Daily* establishes that substantial compliance with the notice requirement of sec. 893.82(3) is sufficient and that their notice to the attorney general substantially

complied with the statute. We reject their reading of *Daily.*

In *Daily,* we relied on the interpretive language added to sec. 893.82(1), Stats., by sec. 1782, 1983 Wis. Act 27, in the wake of our decision in *Yotvat v. Roth,* 95 Wis. 2d 357, 361, 290 N.W.2d 524, 527 (Ct. App. 1980). In *Yotvat* we stated that substantial compliance with the notice statute was insufficient. Section 1782, 1983 Wis. Act 27 created sec. 893.82(1) to read:

> (a)  The purposes of this section are to:
> 1.  Provide the attorney general with adequate time to investigate claims which might result in judgments to be paid by the state.
> 2.  Provide the attorney general with an opportunity to effect a compromise without a civil action or civil proceeding.
> 3.  Place a limit on the amounts recoverable in civil actions or civil proceedings against any state officer, employee or agent.
> (b)  The provisions of this section shall be liberally construed to effectuate this intent.

We concluded that the purposes of this section were satisfied because Daily's notice contained sufficient information to permit the attorney general to investigate Daily's claim. *Daily* does not suggest that substantial compliance with the filing time requirement of sec. 893.82(3) is sufficient. A liberal construction which would excuse the filing of an untimely claim would not effect the legislative intent to provide the attorney general with adequate time to investigate claims. We therefore reaffirm our decision in *Yotvat* that substantial compliance with the filing time under the notice statute is insufficient.

The plaintiffs ask that we extend the discovery rule adopted in *Hansen v. A.H. Robins, Inc.,* 113 Wis. 2d 550,

335 N.W.2d 578 (1983), so that their action did not accrue until they discovered that the defendant doctors were state employees.[2] Since the filing of the briefs in this case, the supreme court held in *Spitler v. Dean,* 148 Wis. 2d 630, 436 N.W.2d 308 (1989), that the identity of the defendant is an element of an enforceable claim. *Spitler* does not help the plaintiffs, however, because the identity of the doctors who allegedly caused Kristin's and Stephanie's injuries was known when the injuries occurred, or could have been discovered with reasonable diligence. To save the plaintiffs' claim, we would need to extend the discovery rule so that their cause of action did not accrue until the *status* of the defendant doctors was discovered. Such an extension would not be justified under *Hansen* or *Spitler* and would violate the public policy of the notice statute.

In *Hansen,* the court adopted the discovery rule because it concluded that the injustice of barring meritorious claims before the claimant knew of the injury outweighed the threat of stale or fraudulent actions. 113 Wis. 2d at 559, 335 N.W.2d at 582. In *Spitler,* the court concluded that "[t]he public policy justifying the accrual of a cause of action upon discovery of the injury and its cause applies equally to the discovery of the identity of the defendant . . .. We have consistently recognized the injustice of commencing the statute of limitations before a claimant is aware of all the elements of an enforceable claim." 148 Wis. 2d at 636, 436 N.W.2d at 310.

---

[2] In view of our holding, we need not decide whether we, as an error-correcting court, are precluded by the constitution from adopting the discovery rule the plaintiffs ask us to create. *See State v. Schumacher,* 144 Wis. 2d 388, 407, 424 N.W.2d 672, 679 (1988) (unlike the supreme court, the court of appeals does not have a law-developing or law-declaring function).

The *status* of the defendant is not an element of an enforceable claim. "A cause of action accrues where there exists a claim capable of present enforcement, a suable party against whom it may be enforced, and a party who has a present right to enforce it." *Spitler* at 634, 436 N.W.2d at 309 (quoting *Barry v. Minahan,* 127 Wis. 570, 573, 107 N.W. 488, 490 (1906)). All the elements of an enforceable claim were present in this case when Kristin and Stephanie were injured. Therefore, the public policy justifying the adoption of the discovery rule in *Hansen* and its application in *Spitler* does not apply to the plaintiffs' claim.

When all of the elements of an enforceable claim are known to the claimant, including the identity of the defendant, it is fair to require that the claimant make a reasonably diligent inquiry to determine whether the status of the defendant imposes special duties upon the claimant, such as giving notice of the injury and the claim to the appropriate agency.

*Mannino v. Davenport,* 99 Wis. 2d 602, 608, 299 N.W.2d 823, 826 (1981), supports our conclusion. The *Mannino* court held that sec. 895.45, Stats. (renumbered 893.82 by sec. 30, ch. 323, Laws of 1979), did not create an exception for plaintiffs who have an honest but mistaken belief as to the status of the defendant as a state employee. We conclude that *Mannino* continues to have precedential weight. The trial court correctly dismissed the plaintiffs' action.

*By the Court.*—Order affirmed.