Edmund KELLY, Plaintiff-Appellant,†

v.

Metodio M. REYES, M.D. and State of Wisconsin,
Defendants-Respondents.

Court of Appeals

*No. 91–2507. Submitted on briefs March 24, 1992.—Decided
April 22, 1992.*

(Also reported in 484 N.W.2d 388.)

†Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Ronald Bornstein* of *Robert Silverstien & Associates, S.C.* of Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Peter C. Anderson,* assistant attorney general.

Before Brown, Anderson and Snyder, JJ.

BROWN, J.   Edmund Kelly appeals from judgments dismissing his malpractice action against a physician employed by the state of Wisconsin. The trial court dismissed the action because Kelly used regular mail, not certified mail to serve notice of his claim upon the attorney general. Because we agree with the trial court that sec. 893.82(5), Stats., strictly requires certified mail, we affirm the judgments.

While Kelly was an inmate at the Oshkosh Correctional Institution, he was treated by Metodio Reyes, M.D., for the removal of warts. Kelly alleges that Dr. Reyes negligently performed an electro-cauterization procedure which resulted in burning and scarring, eventually requiring plastic surgery.

Since Dr. Reyes was acting as a state employee, Kelly was required to serve a notice of claim upon the attorney general. Section 893.82(3), Stats. Kelly served this notice of claim by regular mail rather than by certified mail. The state moved for summary judgment arguing that sec. 893.82(5) requires the notice of claim to be served by certified mail.[1] The trial court granted the state's motion.

■

In reviewing a summary judgment, we follow the same methodology as the trial court. *See Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). If there is no issue as to material facts, then we decide whether the moving party was entitled to judgment as a matter of law. *Id.*

Kelly argues that the state was not entitled to summary judgment as a matter of law because subsec. (5) providing for service by certified mail is to be liberally rather than strictly construed. He finds authority for liberal construction in sec. 893.82(1)(b), Stats. (1989–90), mandating liberal construction to effectuate the intent of the statute.[2] Since the intent of the statute is to give the attorney general notice of any legal claim

---

[1]Subsection (5) of sec. 893.82, Stats., states: "The notice . . . *shall* be served upon the attorney general at his or her office in the capitol *by certified mail.*" (Emphasis added.)

[2]We note that the legislature in 1991 repealed this liberal construction provision, which it had enacted in 1983. *See* sec. 3580, 1991 Wis. Act 39. However, we will consider Kelly's argu-

against the state, Kelly claims that the purpose of the statute is met in his case because there is no dispute that the attorney general received notice from him by regular mail.

Kelly also contends that we mandated liberal construction of the statute in *Daily v. University of Wisconsin, Whitewater,* 145 Wis. 2d 756, 429 N.W.2d 83 (Ct. App. 1988). We concluded in *Daily* that our earlier decision in *Yotvat v. Roth,* 95 Wis. 2d 357, 290 N.W.2d 524 (Ct. App. 1980), which required strict construction of the statute, was no longer applicable because 1983 legislative amendments had added the liberal construction provision of subsec. (1)(b). *See Daily,* 145 Wis. 2d at 759-61, 429 N.W.2d at 84-85.

The trial court in the instant case concluded that the holding of *Daily* permitting substantial compliance was limited to subsec. (3) of the statute, which describes the required *content* of the notice, but that the certified mail provision in subsec. (5) should be strictly construed. We agree.

In *Daily,* the plaintiff was unable to comply with the requirement in subsec. (3) that he identify the official responsible for his injury until he conducted discovery. Thus, we held that his notice of claim without that information was in substantial compliance with the statute. However, we have indicated since *Daily* that even some parts of subsec. (3) require strict compliance. In *Renner v. Madison Gen. Hosp.,* 151 Wis. 2d 885, 889, 447 N.W.2d 97, 99 (Ct. App. 1989), we held that the provision regarding time for filing a notice must be strictly construed.

---

ment since the provision was in effect at the time he mailed his notice to the attorney general.

Kelly's case differs from *Daily* because here there is a defect in service, not a defect in the informational content of the claim. The supreme court has held that an action will be dismissed for failure to comply with a statutory service requirement. *See 519 Corp. v. DOT*, 92 Wis. 2d 276, 287, 284 N.W.2d 643, 649 (1979).

Strict construction is appropriate for policy reasons. Strict construction of the plain, mandatory language of subsec. (5) helps to maintain a simple, orderly, and uniform way of conducting legal business. *See 519 Corp.*, 92 Wis. 2d at 288, 284 N.W.2d at 649. If only substantial compliance with subsec. (5) were permitted, the certainty created by the requirement of certified mailing would be replaced by the costly uncertainty of a case-by-case determination of whether a notice of claim was in fact sent and received and whether the lack of procedural compliance hindered the purposes of the notice statute. A new level of litigation would be added to suits against state employees.

Kelly argues that the supreme court permitted service by regular mail in a previous notice of claim case, *Burmek v. Miller Brewing Co.*, 2 Wis. 2d 330, 336, 86 N.W.2d 629, 632 (1957). *Burmek* concerned former sec. 330.19(5), Stats. (1955), which differs materially from sec. 893.82(5), Stats. The *Burmek* statute explicitly permitted substantial compliance and its service requirement was not precise, requiring only that a notice of claim "be given in the manner required for the service of summons in courts of record." Section 330.19(5), Stats. (1955). Finally, the *Burmek* statute governed notice of claim against persons or corporations. Notice to private parties differs from notice to the attorney general whose

office processes hundreds of claims each year. The certified mailing requirement in sec. 893.82(5) allows the attorney general's office to easily identify mail whose contents are legal in nature and require immediate attention.

We affirm the trial court's dismissal of Kelly's claim and its decision that sec. 893.82(5), Stats., requires strict compliance.

*By the Court.*—Judgments affirmed.