Jason E. KELLNER, Gary Kellner, and Marilyn Mae
Carraway, Plaintiffs-Appellants-Petitioners,

v.

Richard CHRISTIAN, Beth Cox, and Karen Stoll,
Defendants-Respondents.

Supreme Court

*No. 93–1657. Oral argument October 3, 1995.—Decided
November 21, 1995.*

(Also reported in 539 N.W.2d 685.)

For the plaintiffs-appellants-petitioners there were briefs by *D.J. Weis* and *Habush, Habush, Davis & Rottier, S.C.*, Rhinelander and oral argument by *D.J. Weis*.

For the defendants-respondents the case was argued by *John J. Glinski*, assistant attorney general, with whom on the brief was *James E. Doyle*, attorney general.

WILLIAM A. BABLITCH, J. The plaintiffs, Jason E. Kellner and his parents, Gary Kellner and Marilyn Mae Carraway, seek review of a judgment granting the defendants' (the State's) motion for judgment on the pleadings because their notices of claim were not sworn to as required by law, and hence, were defective. This court is asked to determine what specific actions a claimant must take in order to properly "swear to" a notice of claim under the applicable statute. Plaintiffs argue that a notice of claim is "sworn to" by signing the notice in front of a notary public. The State argues that a notice of claim is "sworn to" only when the claimant makes a formal oath or affirmation

as to the truthfulness of the claim, and when the notice states on its face that the oath or affirmation occurred. We agree with the State and conclude that the notices filed by Jason and his parents were not properly "sworn to" under the statute. Accordingly, we affirm.

The relevant facts are not in dispute. On July 5, 1991, Jason, then 17 years old, was a resident at the adolescent training unit at the Mendota Mental Health Institute, in Madison, Wisconsin. Jason was injured while playing basketball in the patient courtyard while under the supervision of Richard Christian, a Residential Care Technician. At the time of the accident, Beth Cox was the Director of Mendota Mental Health Institute and Karen Stoll was Management Services Director of Mendota Mental Health Institute.

As a result of Jason's injuries, Jason and his parents filed suit against Christian, Cox and Stoll. Because these individuals were employees of the State of Wisconsin, Wis. Stat. § 893.82(5) (1993-94)[1] required that Jason and his parents serve a notice of claim of injury on the attorney general. In October 1991, Jason and his father went to their attorney's office to execute their notices of claim of injury. Their attorney asked them to read the notices he had prepared, and inquired as to whether they understood them and whether the contents contained therein were true and accurate to the best of their knowledge. Jason and Gary signed their notices, and their attorney, as guardian ad litem for Jason, also signed Jason's notice. These notices were executed before a notary public who verified that

---

[1] Wisconsin Stat. § 893.82(5) states:

The notice under sub. (3) shall be sworn to by the claimant and shall be served upon the attorney general at his or her office in the capitol by certified mail. Notice shall be considered to be given upon mailing for the purpose of computing the time of giving notice.

the signers were known to her to be the persons who signed the notices and acknowledged the same. In notarizing the signatures, the notary public used a notary block, commonly known as an acknowledgment, which stated:

> Personally came before me this 28th day of October, 1991, the above-named ———, to me known to be the person who executed the foregoing instrument and acknowledged the same.

Marilyn Mae Carraway was not at the October 1991 meeting. The signing of her notice was witnessed by an individual not authorized to administer oaths. All three notices were served on the attorney general. The State of Wisconsin denied their claim.

Jason and his parents filed suit against the State of Wisconsin in March 1992. The State moved for judgment on the pleadings on the grounds that the circuit court lacked jurisdiction to hear the case because Jason and his parents had not complied with the requirements of Wis. Stat. § 893.82(5). The circuit court agreed. With respect to Marilyn's affidavit, the court concluded that it could in no way be said to signify that she was swearing to the truth of the information the notice contained. With respect to Jason and his father, the court held that merely taking an acknowledgement does not involve attesting to the truth of the information contained in the document. A majority of the court of appeals affirmed.

The sole issue before this court is to determine what Wis. Stat. § 893.82(5) requires when it states that a written notice of claim must be "sworn to" by a claimant before the claimant can bring an action against a state employee. The purpose of statutory review is to

ascertain the intent of the legislature. *In Interest of J.A.L.*, 162 Wis. 2d 940, 962, 471 N.W.2d 493, 502 (1991). The meaning of a statute is a question of law, which this court reviews *de novo* without deference to any lower court ruling. *GTC Auto Parts v. LIRC*, 184 Wis. 2d 450, 516 N.W.2d 393, 397 (1994). In interpreting the meaning of a statute, this court first looks to the language of the statute itself. *In Interest of P.A.K.*, 119 Wis. 2d 871, 878-79, 350 N.W.2d 677, 681 (1984). If the meaning of the statute is clear, the court will not look outside the statute to ascertain its meaning. *Id.* at 878, 350 N.W. at 681. This court will simply apply the plain meaning of the statute to the facts of the case. *Voss v. City of Middleton*, 162 Wis. 2d 737, 749, 470 N.W.2d 625, 629 (1991).

In this appeal, Jason and his parents argue that the decision by the circuit court and the court of appeals' majority places "form over substance." Plaintiffs contend that Wis. Stat. § 893.82(5) gives no definition of the specific conduct necessary to have a notice properly "sworn to" as required. Finally, plaintiffs believe that the more liberal provision in Wis. Stat. § 887.03[2] controls and simply requires that an oath or affidavit be in any of the "usual forms."

The State contends that the court of appeals properly determined the plain meaning of the statute. The State draws a distinction between administering an oath and an acknowledgement: a sworn statement attests to the truth of the facts stated, while an acknowledgement is merely a method of showing who

---

[2] Wisconsin Stat. § 887.03.

**Oath, how taken.** Any oath or affidavit required or authorized by law may be taken in any of the usual forms, and every person swearing, affirming or declaring in any such form shall be deemed to have been lawfully sworn.

signed the statement. Thus, the State agrees with the lower courts that this notary merely made an acknowledgment but did not supply proof that an oath was administered.

We agree with the State and hold that, in order for a notice to be properly "sworn to" under Wis. Stat. § 893.82(5), a claimant must make an oath or affirmation as to the truthfulness of the contents of the notice. In addition, the notice must contain a statement showing that the oath or affirmation occurred. Because Jason and his parents failed to comply with these requirements, we affirm the decision of the court of appeals.

Wisconsin Stat. § 893.82 governs claims against state officers and employees. Prior to bringing suit against a state employee, a claimant must provide a written notice of the claim to the attorney general. *See* § 893.82(3). The language of § 893.82(5) is clear. Subsection (5) explains that a claimant must execute a notice of claim while under oath. The section states:

> The notice under sub. (3) shall be sworn to by the claimant and shall be served upon the attorney general at his or her office in the capitol by certified mail. Notice shall be considered to be given upon mailing for the purpose of computing the time of giving notice.

It is established in law that an oath is an affirmation of the truth of a statement, which renders one willfully asserting an untruth punishable for perjury. *In re Williamson*, 43 B.R. 813, 821 (Utah 1984). The essentials of an oath are: (1) a solemn declaration; (2) manifestation of intent to be bound by the statement;

191

(3) signature of the declarer; and (4) acknowledgment by an authorized person that the oath was taken. *McKnight v. State Land Bd.*, 381 P.2d 726, 734 (Utah 1963).

In contrast, an acknowledgment is a method of authenticating an instrument by showing that it was the act of the person executing it. *H.A.M.S. Co. v. Electrical Contractors of Alaska, Inc.*, 563 P.2d 258, 260 (1977). An acknowledgment consists of only two aspects: an oral declaration of the party executing the instrument; and a written certificate prepared by a public official, usually a notary public, attesting to the oral declaration. 1 Am. Jur. 2d *Acknowledgments* § 1.

These distinctions illustrate that the requirement of an oath is not a mere technicality. In order to constitute a valid oath, there must be in some form an unequivocal and present act by which the affiant consciously takes upon himself the obligation of an oath. *People v. Coles*, 535 N.Y.S.2d 897, 903 (1988). The purpose of the oath is to impress the person who takes the oath with a due sense of obligation, so as to secure the purity and truth of his or her words under the influence of the oath's sanctity. *Asher v. Sizemore*, 261 S.W.2d 665, 666 (Ky. 1953).

Wisconsin courts recognize the distinction between an oath and an acknowledgment. In *Koller v. Pierce County Dep't of Human Services*, 187 Wis. 2d 1, 522 N.W.2d 240 (Ct. Appeals 1994), the court of appeals held that a sworn statement and a notarization are not synonymous; each is separate and distinct. *Id.* at 5. The court explained that:

192

> A statement may be sworn without being notarized (e.g. sworn testimony under § 887.01(1), STATS.), just as a statement may be notarized without being sworn (e.g. persons affirm their signatures on durable powers of attorney before a notary under § 243.10(1), STATS.).

*Id.* at 6-7. In *Maier v. Byrnes*, 121 Wis. 2d 258, 263, 358 N.W. 2d 833 (Ct. App. 1984), the court of appeals dismissed a petition for a writ of habeas corpus because the writ was not properly verified under Wis. Stat. 782.04.[3] The court stated that the purpose of the verification was to assure "that the statements contained therein are presented with some regard to considerations of truthfulness, accuracy and good faith." *Id.* at 263.

These same considerations apply to the present case. Wisconsin Stat. § 893.82(5) requires that a notice of claim be "sworn to by the claimant." Requiring a formal oath impresses upon any claimant the fact that he or she is bound by the accuracy and truthfulness of the statement in the notice of claim. In this case, the notary public's statements contained in the notices of Jason and Gary only rise to the level of an acknowledgment that Jason and Gary were who they purported to be. Likewise, the witness' signature found in Marilyn's notice merely attests that Marilyn signed the notice. The witness' signature does not in any way verify the contents of the notice she executed.

Plaintiffs argue that they orally swore to their notices when their attorney asked them whether the contents were true and accurate to the best of their

---

[3] Wisconsin Stat. § 782.04 in relevant part states:

Petition; contents.   Such petition must be verified and must state in substance . . . .

knowledge. Therefore, plaintiffs assert that, because an oral swearing took place, they satisfactorily complied with the swearing requirement of the statute.

We disagree for several reasons. First, adopting such an interpretation would hinder the express purposes of the statute. Wisconsin Stat. § 893.82 was enacted to:

> (a)  Provide the attorney general with adequate time to investigate claims which might result in judgments to be paid by the state.
>
> (b)  Provide the attorney general with an opportunity to effect a compromise without a civil action or civil proceeding.
>
> (c)  Place a limit on the amounts recoverable in civil actions or civil proceedings against any state officer, employe or agent.

Section 893.82(1). These purposes are reinforced by requiring evidence on the face of the notice that the claimant has sworn to its contents. For example, evidence of a sworn statement enables the attorney general to more effectively conduct legal business. An added level of litigation is avoided since the attorney general knows for a fact that each claim has been verified under oath. In addition, the number of meritless claims is reduced. Any claimant who makes a fraudulent claim while under oath can be charged with false swearing.

Secondly, Wis. Stat. § 893.82(2m) requires that a claimant strictly comply with the statute in order to proceed with his or her claim. Subsection (2m) states that "[n]o claimant may bring an action against a state officer, employe or agent unless the claimant complies

strictly with the requirements of this section." We read this provision to indicate that a claimant must adhere to each and every requirement in the statute. The court of appeals came to an identical conclusion in *Kelly v. Reyes*, 168 Wis. 2d 743, 746-47, 484 N.W.2d 388, 389 (Ct. App. 1992), in which the court strictly construed the same statute at issue in the present case. Section 893.82(5) requires a claimant to send his or her notice of claim to the attorney general by certified mail as opposed to regular mail. The court stated that strict construction was required in order to "maintain a simple, orderly, and uniform way of conducting legal business." *Id.* at 747.

> If only substantial compliance with [893.82] subsec. (5) were permitted, the certainty created by the requirement of certified mailing would be replaced by the costly uncertainty of a case-by-case determination of whether a notice of claim was in fact sent
> . . . .

*Id.* at 747. The reasoning of *Kelly* is applicable to the present case. In order to avoid a case-by-case analysis of whether or not a claimant has complied with the requirements of the statute, evidence that the contents have been sworn to must appear in the notice of claim.

Further support for our conclusion comes by comparing the statute in the present case with the language of Wis. Stat. § 893.80.[4] Section 893.80 gov-

---

[4] Wisconsin Stat. § 893.80(1)(a) in relevant part states:

Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent or attorney is served on the . . . governmental subdivision . . . . Failure to give the requisite notice shall not bar action on the claim if the . . . subdivision . . . had actual notice of the claim and the claimant shows to the satisfaction of the court that

erns claims for injuries brought against municipal employees as opposed to state employees. Unlike Wis. Stat. § 893.82(5), a claimant under § 893.80 does not have to "swear to" the notice of claim. Instead, the claimant merely signs his or her name to the document prior to serving the notice. Section § 893.80(1)(a). In . addition, substantial, not strict, compliance with the notice statute is required. *Figgs v. City of Milwaukee,* 121 Wis. 2d 44, 53, 357 N.W.2d 548, 554 (1984). A failure to comply with the requirements does not bar an action as long as the government had actual notice. Section 893.80(1)(a).

Both Wis. Stat. § 893.82 and § 893.80 address the issue of how a claimant brings suit against a public employee. The specific requirements of each provision, however, are quite different. These differences suggest that the legislature intended to make a distinction between those claims brought against the state and those brought against a municipality. In the present case, the language of § 893.82(5) required that Jason and his parents swear to the truth of the statements contained in their notices. Plaintiffs ask us to liberally construe the statute in order to allow their claims to proceed against the State. We feel that to do so would render the distinctions between these two provisions meaningless. This we decline to do.

Other courts addressing this issue have held that an acknowledgement is not sufficient to satisfy a statute that requires a formal oath or verification. In *Bell and Zajicek, Inc. v. Heyward-Robinson Co.,* 182 A.2d 339 (1962), the Supreme Court of Connecticut held a mechanic's lien invalid because it was not sworn to by

the delay or failure to give the requisite notice has not been prejudicial . . . .

the claimant as required by the applicable statute. Instead of being properly sworn to, the liens:

> were signed by the president of the plaintiff corporation, but instead of the truth of the contents of the certificates being sworn to, the officer subscribing to the certificates merely made an acknowledgement before a commissioner of the Superior Court that he was the signer and sealer of the instrument and that it was his free act and deed . . . .

*Id.* at 340. The court relied on the plain meaning of the statute and found that "a certificate which merely recites that the claimant 'acknowledges' execution of the lien is insufficient." *Id.* Even though *Bell* deals with a mechanic's lien statute as opposed to a notice of injury statute, we feel the reasoning applies equally to the facts of the present case.

In *H.A.M.S. Company v. Electrical Contractors of Alaska, Inc.*, 563 P.2d 258 (1977), the Alaska Supreme Court invalidated a mechanic's lien when the claimant failed to verify the contents of the claim by a proper oath or affirmation. The court found that "neither of the claims of lien contained a verification that the facts stated in the lien claims [were] true." *Id.* at 260. Like the case at bar, the claims in *H.A.M.S.* were merely acknowledged. The court held that in order for a claimant to have a valid mechanic's lien, there must be a verification by oath. *Id.* at 263.

Finally, in *Hoffman v. City of Palm Springs*, 169 Cal. App. 2d 645, 337 P.2d 521, 523 (1959), a case analogous to the facts of the present case, the California court found that an unverified claim for damages against a municipality justified the granting of the municipality's motion for judgment on the pleadings. In so holding, the court rejected the claimant's conten-

197

tion that the pleading was in substantial compliance with the controlling statute. *Id.* at 523. In *Hoffman,* like the present case, the statute did not specify how a particular claim should be verified. The court found that, at the very least, a claim must affirm the truth of the matters set forth. *Hoffman* at 523. We agree with the reasoning of these cases.

Jason and his parents, however, ask this court to apply the broad language of Wis. Stat. § 887.03. Section 887.03 states that "[a]ny oath or affidavit required or authorized by law may be taken in any of the usual forms, and every person swearing, affirming or declaring in any such form shall be deemed to have been lawfully sworn." Plaintiffs state that, under the language of § 887.03, their actions conformed to the statute.

We disagree. Wisconsin Stat. § 887.03 is not applicable. Section 887.03 describes the manner in which an oath may be administered. *Kellner v. Christian,* 188 Wis. 2d 525, 530, 525 N.W.2d 286, 289 (Ct. App. 1994). It does not address the question of whether a notice of claim statement must show that it has been sworn to.

Based on the above, we hold that, in order for a notice to be properly "sworn to" under Wis. Stat. § 893.82(5), a claimant must make an oath or affirmation as to the truthfulness of the contents of the notice. In addition, the notice must contain a statement showing that the oath or affirmation occurred. Because Jason and his parents failed to properly "swear to" their notices, we affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.