153 Wis.2d 249 (1989)
450 N.W.2d 499
IN the INTEREST OF K.D.J., a person under the age of 18: B.L.J., Appellant,[]
v.
POLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent.
No. 89-0816.
Court of Appeals of Wisconsin.
Submitted on briefs September 26, 1989.
Decided November 14, 1989.
*250 For the appellant there were briefs by Donald T. Lang of the State Public Defender's Office.
For the respondent there was a brief by Mark D. Biller of theDistrict Attorney's Office.
Before Cane, P.J., LaRocque and Myse, JJ.
MYSE, J.
B.L.J. appeals an order terminating her parental rights to K.D.J., a child under the age of eighteen. B.L.J. alleges that the court erred by failing to make an independent determination regarding her unfitness as a parent in terminating parental rights. Because *251 we conclude that a finding of unfitness is mandated by statute and an independent determination of unfitness is not required, we affirm.
B.L.J. is the mother of K.D.J. (d.o.b. October 21, 1982). This appeal is the culmination of a long-running relationship between B.L.J., K.D.J., and the Polk County Department of Social Services. An initial CHIPS petition, alleging that the child was in need of protective services, was filed in May, 1983. In June, the child was placed in foster care until his mother completed an in-patient alcohol treatment program. The child was returned to his mother in July, on the condition that she comply with various recommendations and restrictions on drug and alcohol use. In October, 1983, the child returned to foster care following his mother's hospitalization after an auto accident. The child remained in foster care until June 17, 1985, when his mother presented, and the court accepted, evidence of her continuing sobriety.
In April, 1986, B.L.J. voluntarily agreed to foster placement of the child so she could once more participate in in-patient alcohol treatment. The child returned home in July and remained there until October 22 when he was returned to foster care due to his mother's failure to meet the conditions of the court's order. The trial court's dispositional order was extended on March 2, 1987, and again on March 1, 1988, for one-year periods.
The primary concern during this long process has been his mother's drinking problem. She has undergone inpatient treatment twice and entered a halfway house twice, completing the program once. She met with chemical dependency counselors, but has failed to complete psychological and chemical dependency evaluations as mandated by the court. B.L.J. has also disregarded court orders to refrain from alcohol consumption. She has *252 exhibited substantial sobriety for up to three months at a time, but has continually missed counseling sessions and AA meetings. B.L.J. acknowledges that she is an alcoholic, but maintains that she has been and is able to maintain sobriety, despite her past record.
B.L.J. presented evidence that she is a "loving and caring" parent who has had a substantial relationship with the child. There has been no evidence that she abused or neglected her son when she had custody.
In a dispositional hearing conducted on October 3, 1988, the trial court held that B.L.J. was an unfit parent, and terminated her parental rights to the child. This finding was based on a Polk County jury's answers to the court's special verdict questions. The jury found by clear, satisfactory, and convincing evidence the following:[1]
1. The child had been previously adjudged to be in need of protection or services;
2. The child had been outside B.L.J.'s physical custody under a court order for a period of one year or longer, such order contained the proper notice;
3. The Polk County Department of Social Services had made a diligent effort to provide the services required by the court for the child;
4. B.L.J. had substantially neglected, wilfully refused, or been unable to remedy the conditions that resulted in the child's initial removal from her physical custody; and
5. There was a substantial likelihood that B.L.J. would be unable to remedy the conditions that resulted in the child's removal.
*253 Based on the jury's findings of fact, the court concluded that B.L.J. was an unfit parent, that adoption of the child was in the child's best interests, and that B.L.J.'s parental rights should be terminated. B.L.J. appeals this order.
B.L.J. contends that the seven questions in the special verdict were insufficient, as a matter of law, to establish her unfitness as a parent. She contends that Mrs. R. v. Mr. & Mrs. B., 102 Wis.2d 118, 306 N.W.2d 46 (1981), requires the trial court to construe sec. 48.424(4), Stats., to mandate an "independent" finding of unfitness to pass constitutional muster.[2] In either case, B.L.J. argues, the trial court's ruling is invalid, either in failing to make an "independent" finding or by being made pursuant to an unconstitutional statute.
[1, 2]
Statutory construction is a question of law that this court reviews without deference to the trial court. R.J. v. Winnebago Co., 146 Wis.2d 516, 519-20, 431 N.W.2d 708, 709 (Ct. App. 1988). When the word "shall" is used in a statute, it is presumed mandatory unless a different construction is necessary to carry out the clear intent of the legislature. E.B. v. State, 111 Wis.2d 175, 185, 330 N.W.2d 584, 590 (1983). No such necessity exists here. We conclude that sec. 48.424(4) requires the trial court to find the parent unfit once the fact finder has determined that the grounds for termination of parental E 3rights exist.
Section 48.424(4) defines unfitness as the grounds for termination of parental rights. The statutory scheme reflected by this definition requires that the child be abandoned, the victim of sexual or physical abuse, or *254 that the parents cannot control or care for the child. In addition, it must be shown that the child has been removed from the home for more than one year and that, after diligent efforts have been made, the parent has not corrected the deficiencies that caused the child to be removed from the home nor is likely to do so in the future.
The only question is whether the requirements of sec. 48.415(2), Stats., have been found to exist by the jury in its answers to the special verdict. The jury found that the criteria set forth in sec. 48.415(2) were met.[3] The trial court was then required to find unfitness under the legislative mandate of sec. 48.424(4). This finding involves the provision of sec. 48.424(4), which requires the court to find unfitness as a matter of law.
*255 B.L.J. further contends that sec. 48.424(4) is unconstitutional if we conclude that the court need not make an independent finding of unfitness. B.L.J. argues that J.L.W. requires the trial court to "consider all the circumstances and exercise its sound discretion as to whether termination would promote the best interests of the child." Id. at 131, 306 N.W.2d at 52. As noted, J.L.W. dealt with a different statute and did not address the constitutionality of the requirements of sec. 48.415(2). It does not require a different result. That case required the court to make a specific finding of unfitness, which was done in this case.
B.L.J. also argues that a finding of unfitness is constitutionally mandated by R.D.K. v. Sheboygan Soc. Servs. Dept., 105 Wis.2d 91, 102, 312 N.W.2d 840, 846 (1981). Here, the statute mandates a finding of unfitness, which was made by the trial court after the jury found the statutory criteria to have been satisfied.
[3, 4]
The legislature is empowered to regulate for the public welfare, including defining unfitness, within constitutional parameters. See Nebbia v. New York, 291 U.S. 502, 525 (1934). All legislative acts are presumed to be constitutional and all doubts must be resolved in favor of the constitutionality of a statute. Stanhope v. Brown County, 90 Wis.2d 823, 837, 280 N.W.2d 711, 716 (1979). "Due process requires that a law not be `unreasonable, arbitrary, or capricious, and that the means selected shall have a real and substantial relation to the object sought to be attained.'" Yotvat v. Roth, 95 Wis.2d 357, 372, 290 N.W.2d 524, 532 (Ct. App. 1980) (citing Nebbia, 291 U.S. at 525).
The object sought by the state is the protection of the rights and well-being of children. The means selected provide for terminating the parental rights of those parents *256 who, based on several factors, are deemed incapable of protecting a child's best interests. These means have a "real and substantial relation" to protecting children because it works to rectify problems interfering with the best interests of a child.
[5]
The criteria set forth by the legislature can hardly be said to be "unreasonable, arbitrary, or capricious." A parent whose rights are terminated under sec. 48.424(4) has received more than adequate protection by the prescribed process of termination of parental rights. The statutory scheme reflected by this definition requires that the child be abandoned or the victim of sexual or physical abuse or that the parents cannot control or care for the child. In addition, it must be shown that the child has been removed from the home for more than one year and that, after diligent efforts have been made, the parent has not corrected the deficiencies that caused the child to be removed from the home nor is likely to do so in the future. Parents whose rights are terminated under this scheme have not only had the opportunity to correct any problem that has interfered with the child's best interests, but also have been helped in this regard by a governmental agency. This scheme is not arbitrary, capricious, or unreasonable and is constitutional.
[6]
We conclude that answers to the special verdict establish grounds for termination under sec. 48.415(2). This being established, the trial court was required to make a finding of unfitness under sec. 48.424(4).
By the Court.Order affirmed.
NOTES
[] Petition to review granted.
[1] These are substantially the findings dictated by the jury's Yes/No responses to the special verdict questions.
[2] Section 48.424(4) provides: "If grounds for the termination of parental rights are found by the court or jury, the court shall find the parent unfit."
[3] Section 48.415 provides:

At the fact-finding hearing the court may make a finding that grounds exist for the termination of parental rights. Grounds for termination of parental rights shall be one of the following:
. . . .
(2) Continuing need of protection or services. Continuing need of protection or services may be established by a showing of all of the following:
(a) That the child has been adjudged to be in need of protection or services and placed, or continued in a placement, outside his or her home pursuant to one or more court orders under s. 48.345, 48.357, 48.363 or 48.365 containing the notice required by s. 48.356(2).
(b) That the agency responsible for the care of the child and the family has made a diligent effort to provide the services ordered by the court.
(c) That the child has been outside the home for a cumulative total period of one year or longer pursuant to such orders, the parent has substantially neglected, wilfully refused or been unable to meet the conditions established for the return of the child to the home and there is a substantial likelihood that the parent will not meet these conditions in the future.