Mary E. KOLLER, Appellant-Appellant,

v.

PIERCE COUNTY DEPARTMENT OF HUMAN SERVICES,
Respondent-Respondent.†

Court of Appeals

*No. 94–0943–FT. Submitted on briefs July 19, 1994.—Decided*
*August 9, 1994.*

(Also reported in 522 N.W.2d 240.)

†Petition to review denied.

1

2

For the appellant-appellant the cause was submitted on the briefs of *Kris A. Wittwer* of *Stewart, Zlimen & Jungers* of Minneapolis.

For the respondent-respondent the cause was submitted on the brief of *William G. Thiel* of *Weld, Riley, Prenn and Ricci, S.C.* of Eau Claire.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.    Mary Koller appeals a trial court order affirming the Pierce County Department of Human Services' denial of her application for general relief benefits.[1]  Koller contends that the County erred by concluding that: (1) § 49.02(5)(c)1m, STATS., requires the notice of emergency treatment to be signed by the attending/admitting physician, (2) § 49.02(5)(c)2g, STATS., requires the form relating to a patient's residence to be notarized and (3) a statement that information concerning the probable duration of necessary treatment and hospitalization is not available is insufficient under § 49.02(5)(c)1m. We conclude that: (1) § 49.02(5)(c)1m does not require the notice of emergency treatment to be signed by the attending/admitting physician, (2) § 49.02(5)(c)2g does not require the form relating to a patient's residence to be notarized and (3) § 49.02(5)(c)1m should not be construed such that an otherwise eligible person is deprived of general assistance based on a health care provider's inability to submit a statement concerning the probable duration of necessary treatment and hospitalization because the necessary information is unavailable. We therefore reverse the order.

---

[1] This is an expedited appeal under RULE 809.17, STATS.

The relevant facts are undisputed. Koller was admitted to United Hospital in St. Paul, Minnesota, for treatment of a cystic mass. United Hospital submitted a notification of emergency/inpatient treatment form to the County on Koller's behalf stating that Koller "required immediate, indispensable medical treatment to alleviate an immediate threat to life and/or health. . . . In my opinion the probable duration of necessary treatment and hospitalization to alleviate the emergency condition is <u>N/A</u> days." The name of the attending/admitting physician was typed above the line on the form for the signature of the attending/admitting physician, with "Signature n/a" following the name. Testimony at the hearing revealed that "N/A" meant "not available." Koller also completed a form providing her personal information including her residence and financial eligibility information. Above the space for her signature are the words "I swear and affirm that the information given above is true and complete to my knowledge and belief." The space provided on the form for notarization was not completed.

The County denied Koller general relief based on its conclusions that § 49.02(5)(c), STATS., required the physician's signature and a specific statement of the probable duration of treatment on the notice of emergency treatment and notarization of the residency and financial eligibility form. Because the forms submitted to the County lacked these prerequisites, the County concluded that Koller had not complied with § 49.02(5)(c) and was thus ineligible for general relief. The trial court affirmed the County's decision.

Whether United Hospital complied with the requirements of § 49.02(5)(c), STATS., involves the inter-

pretation and application of a statute to undisputed facts. This issue presents a question of law that we review independently of the trial court's determinations. *Zimmerman v. DHSS*, 169 Wis. 2d 498, 504, 485 N.W.2d 290, 293 (Ct. App. 1992).

The State is entitled to impose such conditions on general assistance payments as it deems appropriate, as long as those conditions pass constitutional muster. *See Jones v. Milwaukee County*, 168 Wis. 2d 892, 904-05, 485 N.W.2d 21, 27 (1992). Failure to comply with the statutory prerequisites for general assistance payments will result in a proper denial of the requested payments. Here, there is no question that Koller is eligible for the general relief nor, for the purpose of this appeal, is there any dispute concerning the necessity of the medical treatment provided by United Hospital. Further, there is no question that all forms were submitted within the time proscribed. The sole issue presented for determination is whether the forms were completed in compliance with the statutory requirement.

The County contends that § 49.02(5)(c)1m, STATS., requires the notice of emergency treatment to be signed by the attending/admitting physician. The relevant portion of § 49.02(5)(c)1m provides, "Each written notice provided under this subdivision shall also include *a written statement by the attending physician certifying the need for the emergency medical treatment or hospitalization . . . .*" (Emphasis added.) The statute's plain language does not require the physician to sign his written statement certifying the need for emergency medical treatment or hospitalization; it only requires that the physician submit a written statement. We therefore conclude that as long as the notice

contains a physician's written statement that certifies the need for emergency medical treatment or hospitalization, this statutory requirement has been met.

The County next contends that § 49.02(5)(c)2g, STATS., requires the form relating to a patient's residence to be notarized. The County notes that the form prepared by the State provides a space for notarization of the signature. The relevant portion of § 49.02(5)(c)2g provides, "[Each form provided under this subdivision] shall also include *a sworn statement of facts* relating to the patient's residence . . . ." (Emphasis added.) The statute's plain language does not require that the form be notarized; it only requires that the form contain a sworn statement as to the patient's residence. Here, the form contains a statement above the patient's signature that the patient "swear[s] and affirm[s] that the information given above is true and complete to my knowledge and belief."[2] While the form contains a place for notarization, this portion of the form is not required by the language of § 49.02(5)(c)2g.

The County here does not contend that Koller did not sign her statement under oath in violation of § 49.02(5)(c)2g, STATS. Rather, the County contends that the form was insufficient under § 49.02(5)(c)2g because it was not signed by a notary public. The County's argument assumes that a sworn statement and notarization are synonymous. They are not; each is separate and distinct. A statement may be sworn without being notarized (e.g. sworn testimony under § 887.01(1), STATS.) just as a statement may be notarized without being sworn (e.g. persons affirm their signatures on durable powers of attorney before a

---

[2] The County does not challenge the accuracy of the information contained in the form.

notary under § 243.10(1), STATS.). We conclude that a signed form containing a statement that the person signing the form is swearing under oath that the information provided is true to the best of the signor's knowledge, in the absence of evidence to the contrary, is sufficient to meet the requirements of § 49.02(5)(c)2g.[3]

Finally, the County contends that United Hospital failed to properly complete the form when they inserted "N/A" (not available) in the space requesting the probable duration of the necessary treatment or hospitalization. The relevant portion of § 49.02(5)(c)1m, STATS., provides, "Within 3 working days after the patient is initially provided emergency medical treatment or hospitalization by a hospital or other health care provider an agent of the hospital or other health care provider [shall mail or deliver] to the general relief agency of the county [a notice which] shall include . . . a statement about . . . the probable duration of necessary treatment and hospitalization."

There is no question that United Hospital was obligated to furnish information about the probable duration of the necessary treatment be furnished by the Hospital. The question raised, however, concerns how specific the statement about the probable duration of necessary treatment must be, particularly when the information is not available at the time the form is completed.

---

[3] While we conclude that a statement purporting to be sworn is sufficient to meet the requirement of § 49.02(5)(c)2g, STATS., we decline to address the broader question of whether every statement purporting to be sworn is sufficient to be a sworn statement. That broader question must be left for another day.

We stated in *In re Paternity of S.A. II*, 165 Wis. 2d 530, 535, 478 N.W.2d 21, 23 (Ct. App. 1991), "[I]f a literal construction leads to absurd, unreasonable or unjust results, a construction not subject to such infirmities will be adopted . . . ." Here, we note that the time frame within which the form must be submitted to the County is very narrow. In some cases it may not be possible to submit an accurate determination of the probable duration of necessary treatment without first completing certain tests, observations or other medical diagnoses, which may not be completed within the time frame in which the form must be submitted. The law cannot require health care providers to do that which is impossible and should not operate to deprive otherwise eligible persons of general relief based on the health care providers' inability to do so. Additionally, we note that § 49.02(5)(c)2g, STATS., imposes upon hospitals and health care providers "a continuing obligation to seek and report information relevant to the patient's care and eligibility under this section to the general relief agency of the county [for twenty days after the initial information is provided] . . . ." This continuing obligation supports our conclusion that the legislature did not intend that § 49.02(5)(c)1m, STATS., be construed to deprive an otherwise eligible person of general relief based on a health care providers' inability to make a definite statement concerning the probable duration of necessary treatment because the necessary information is not available. We therefore conclude that stating on the form that information necessary to determine the probable duration of treatment is unavailable will not defeat eligibility for general assistance.

Our conclusion does not relieve United Hospital of the requirement to furnish a statement within three

days. Nor does it relieve United Hospital of the ultimate responsibility to submit the information within a reasonable time based upon its availability. Moreover, our holding should not be construed as allowing health care providers to circumvent the three-day requirement in § 49.02(5)(c)1m, STATS., by stating that information concerning the probable duration of necessary treatment is not available when that is not the case. If a health care provider submits a form stating that information concerning the probable duration of necessary treatment is not available, it will not defeat eligibility only if the information is truly not available. Here, the County does not challenge United Hospital's statement that the information was not available. Because the record contains no information about whether United Hospital complied with the requirement in § 49.02(5)(c)2g, that it update information relevant to Koller's care, we do not address that issue.

*By the Court.*—Order reversed.