Melissa NEWKIRK, Plaintiff-Appellant,†

v.

WISCONSIN DEPARTMENT OF TRANSPORTATION, Sauk County Highway Department, and American Family Mutual Insurance Co., Defendants-Respondents.

Court of Appeals

*No. 98–2966. Submitted on briefs May 6, 1999.—Decided June 17, 1999.*

(Also reported in 598 N.W.2d 610.)

†Petition to review denied.

■■■■■■■

■■■■■■

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Mark L. Krueger* and *Randall J. Shelp* of *Greenhalgh & Hoffman, S.C.* of Baraboo.

On behalf of the defendants-respondents, the cause was submitted on the brief of *James E. Doyle*, attorney general, with *Michael J. Losse*, assistant attorney general.

Before Eich, Vergeront and Deininger, JJ.

EICH, J. Melissa Newkirk was injured in an automobile accident and sued, among others, the Wisconsin Department of Transportation and several of its employees, claiming they were negligent in failing to have proper signs in the area in which the accident occurred. The circuit court dismissed the action, concluding that the notice of claim Newkirk was required to serve and file as a condition precedent to commencing the action,[1] was defective in that it failed to comply with the requirement of § 893.82(5), STATS., that such notices be "sworn to by the claimant." We affirm.

The facts are not in dispute. The notice of claim served and filed by Newkirk was signed by Newkirk's attorney. Under his signature appeared the statement:

---

[1] Section 893.82(3), STATS., provides in part:

[N]o civil action or civil proceeding may be brought against any state officer, employe[e] or agent for or on account of any act growing out of or committed in the course of the discharge of the officer's, employe[e]'s or agent's duties ... unless within 120 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim for the injury, damage or death and the names of persons involved, including the name of the state officer, employe[e] or agent involved. ...

"I, Melissa Newkirk, claimant, being sworn, state that I have read the notice of claim and know the contents to be true," followed by Newkirk's signature, which was not notarized or otherwise attested to. After her claim was denied by the Department, Newkirk brought this action. The Department moved to dismiss on jurisdictional grounds, claiming that the notice of claim did not comply with the "sworn statement" requirement, § 893.82(5), STATS., because it did not contain an acknowledgment by a person authorized to administer oaths that Newkirk had been placed under oath when signing the document. As indicated, the circuit court agreed and granted the Department's motion.

■

Newkirk's appeal raises a question of law—the interpretation and application of a statute—which we decide de novo. *State v. Michels*, 141 Wis. 2d 81, 87, 414 N.W.2d 311, 313 (Ct. App. 1987).

■

We begin by noting that § 893.82(5), STATS., "must be strictly complied with even though it produces 'harsh consequences.' " *Kellner v. Christian*, 188 Wis. 2d 525, 533, 525 N.W.2d 286, 290 (Ct. App. 1994) (quoted sources omitted). *See also*, § 983.82(2m), STATS, which states: "No claimant may bring an action against a state officer, employe[e] or agent unless the claimant complies strictly with the requirements of this section." The requirements of the statute are not general guidelines; they are rules that must be adhered to with exact care. *Id*. at 531–32, 525 N.W.2d at 289; *Modica v. Verhulst*, 195 Wis. 2d 633, 642, 536 N.W.2d 466, 471 (Ct. App. 1995).

■

Both Newkirk and the Department view *Kellner v. Christian*, 197 Wis. 2d 183, 539 N.W.2d 685 (1995), as

833

the controlling case, although they see it very differently. Like Newkirk, the plaintiffs in *Kellner* sued several state employees, claiming they were injured by the employees' negligent acts. They signed the notice of claim and under their signatures was a "notary block" or "acknowledgment" which stated as follows: "Personally came before me this 28th day of October, 1991, the above-named ———, to me known to be the person[s] who executed the foregoing instrument and acknowledged the same," and the signature of a notary public. *Id.* at 189, 539 N.W.2d at 687. The supreme court affirmed the circuit court's dismissal of the action, holding that, in order for the notice to be properly "sworn to" under § 893.82(5), STATS., "a claimant must make an oath or affirmation as to the truthfulness of the contents of the notice [and] the notice must contain a statement showing that the oath or affirmation occurred." *Id.* at 191, 539 N.W.2d at 688. The court then went on to set forth the essential elements of the oath required by the statute:

> It is established in law that an oath is an affirmation of the truth of a statement, which renders one willfully asserting an untruth punishable for perjury. The essentials of an oath are: (1) a solemn declaration; (2) manifestation of intent to be bound by the statement; (3) signature of the declarer; and (4) *acknowledgment by an authorized person that the oath was taken* (emphasis added; citations omitted).

The court distinguished such an oath from the simple "acknowledgment" on the plaintiffs' notice, explaining that the latter is no more than

> a method of authenticating an instrument by showing that it was the act of the person executing it. An

834

acknowledgment consists of only two aspects: an oral declaration of the party executing the instrument; and a written certificate prepared by a public official, usually a notary public, attesting to the oral declaration (internal citations omitted).

*Id.* at 192, 539 N.W.2d at 688. To constitute an "oath," however, "there must be in some form an unequivocal and present act by which the affiant consciously takes upon him [or her]self the obligation of an oath," the purpose of which is to "impress the person who takes the oath with a due sense of obligation, so as to secure the purity and truth of his or her words under the influence of the oath's sanctity." *Id.* at 192, 539 N.W.2d at 688–89 (citation omitted).

In the course of its discussion of the difference between an acknowledgment and an oath, the *Kellner* court quoted a passage from an earlier court of appeals case, *Koller v. Pierce County Dep't of Human Services,* 187 Wis. 2d 1, 522 N.W.2d 240 (Ct. App. 1994), in which the following language appears: "A statement may be sworn without being notarized," *Kellner,* 197 Wis. 2d at 193, 539 N.W.2d at 689. Newkirk seizes upon this statement in support of her argument that her signature alone was sufficient: that no further attestation is required under § 893.82(5), STATS. We think the argument is misplaced.

The question in *Koller* was whether a non-notarized statement that a patient "swear[s] and affirm[s] that the information given above is true and complete to my knowledge and belief," complied with a provision in § 49.02(5), STATS., requiring applications for general relief to include "a sworn statement of facts relating to the [applicant]'s residence." *Id.,* 187 Wis. 2d at 6, 522 N.W.2d at 242. Because it was conceded in *Koller* that the applicant's statement was signed under oath, we

considered only whether the fact that it was not signed and verified by a notary public rendered it insufficient under the statute. We answered the question in the negative, stating:

> The . . . argument [that the form was invalid without a notary's signature] assumes that a sworn statement and notarization are synonymous. They are not; each is separate and distinct. *A statement may be sworn without being notarized (e.g. sworn testimony under § 887.01(1),* STATS.*) just as a statement may be notarized without being sworn (e.g. persons affirm their signatures on durable powers of attorney before a notary under § 243.10(1),* STATS.*).*

*Id.* at 6–7, 522 N.W.2d at 242 (emphasis added).

Considered in context, then, the remainder of the sentence in which the court's "a statement may be sworn without being notarized" remark appears indicates that it is no more than an acknowledgment that persons other than notaries public are authorized to administer oaths, for the quoted statute, § 887.01(1), STATS., states simply that an oath or affidavit required or authorized by law may be taken before a variety of public officials, including notaries.[2] In addition, we

---

[2] Section 887.01(1), STATS., provides in full:

An oath or affidavit required or authorized by law, except oaths to jurors and witnesses on a trial and such other oaths as are required by law to be taken before particular officers, may be taken before any judge, court commissioner, resident U.S. commissioner who has complied with s. 706.07, clerk, deputy clerk or calendar clerk of a court of record, court reporter, notary public, town clerk, village clerk, city clerk, municipal judge, county clerk or the clerk's deputy within the territory in which the officer is authorized to act, school district clerk with respect to any oath required by the elections laws; and, when certified by the officer to have been taken before him or her, may be read and used in any court and before any officer, board or commission. Oaths may be administered by any

were considering an entirely different statute in *Koller*; and, beyond that, we believe that *Kellner*, a more recent decision of the state's highest court—and one construing the same statute at issue here—is more persuasive, if not controlling, on the issue.

■
Among other things, *Kellner* makes it clear that: (1) strict compliance with § 893.82(5), STATS., is required in all cases; and (2) the oath required by the statute's terms (a) must include, among other things, an "acknowledgment by an authorized person that the oath was taken,"[3] and (b) must be in a form rendering the signer "punishable for perjury" should the statement be untrue. *Id.*, 197 Wis. 2d at 191–92, 194–95, 539 N.W.2d at 688, 689. Newkirk's statement meets none of these requirements.

*By the Court.*—Order affirmed.

person mentioned in s. 885.01 (3) and (4) to any witness examined before him or her.

[3] We note that requiring evidence on the face of a notice that its contents have been "sworn to" helps to effectuate the purpose of the statute, which is to provide the attorney general adequate time to investigate the claims and an opportunity to effect a compromise without commencing a civil action or proceeding. *See Kellner v. Christian*, 197 Wis. 2d 183, 194, 539 N.W.2d 685, 689 (1995). It also (a) avoids case-by-case analyses of whether or not claimants have complied with the requisite statutory requirements; (b) fosters judicial economy; (c) reduces the number of meritless cases; and (d) avoids an extra level of litigation by allowing the attorney general to know for a fact that each claim has been verified under oath. *Id.* at 194, 195, 539 N.W.2d at 689, 690.