Robert Keith, Plaintiff-Appellant,
v.
Joshuah C. Harner and State of Wisconsin, Defendants-Respondents.
No. 04-0284.
Court of Appeals of Wisconsin.
Opinion Filed: August 5, 2004.
Before Deininger, P.J., Dykman and Vergeront, JJ.
¶1 PER CURIAM.
Robert Keith appeals from an order dismissing his negligence complaint against Joshuah Harner and the State of Wisconsin. The trial court concluded that it lacked jurisdiction over the case because Keith had not strictly complied with the procedures provided by WIS. STAT. § 893.82 (2001-02).[1] Keith contends that the trial court erred in construing the "strict compliance" clause of § 893.82(2m).[2] He argues that his actions were within the limits of strict compliance. Because the statute unambiguously requires strict compliance and Keith failed to meet this standard, we affirm.
¶2 Keith was an inmate at a state correctional facility when Joshua Harner, another inmate, was driving him to outside employment. Harner was operating a state-owned vehicle with the permission of the department of corrections. He lost control of the vehicle and it struck a concrete median and guardrail. Keith was injured and sued Harner and the State.
¶3 Keith signed a sworn notice of claim, but at that time did not know Harner's name. He soon learned Harner's name, and his attorney included it in a cover letter to the attorney general attached to the notice. Harner's name was also in the police report attached to the notice. Keith's counsel mailed the notice, cover letter, and police report, via certified mail, to the attorney general's office at 123 West Washington Avenue, Madison.
¶4 The trial court dismissed Keith's case because he failed to strictly comply with the requirements of WIS. STAT. § 893.82(3), which reads, in pertinent part:
No civil action or civil proceeding may be brought against any state officer, employee or agent ... unless within 120 days of the event causing the injury, damage or death ... the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event ... and the names of persons involved, including the name of the state officer, employee or agent involved.
The statute further provides that "[n]o claimant may bring an action against a state officer, employee or agent unless the claimant complies strictly with the requirements of this section." Section 893.82(2m). All notices of claim described in § 893.82(3) must be sworn to by the claimant. Keith contends that he provided the attorney general with actual notice of Harner's name by providing it in the certified cover letter and attached police report. He asserts that this is sufficient to strictly comply with the statute.
¶5 Statutory interpretation is a question of law that we review de novo. Truttschel v. Martin, 208 Wis. 2d 361, 364-365, 560 N.W.2d 315 (Ct. App. 1997). We conclude that the name of the government worker or agent must be included in the notice of claim because a notice of claim is sworn to by the claimant while a cover letter is not a sworn document. The required oath renders Keith liable for perjury if he provides false information, which ensures the validity of the notice of claim. See Newkirk v. Wis. DOT, 228 Wis. 2d 830, 837, 598 N.W.2d 610 (Ct. App. 1999). Keith's counsel did not take an oath or affirmation of truthfulness when composing the letter which contained Harner's name. WISCONSIN STAT. § 893.82(2m) requires "strict compliance." Keith did not strictly comply with the statute.
¶6 Keith contends that "strict compliance should not equate with absurd results." Courts are obligated to construe statutes to avoid absurdity. See Peters v. Menard, Inc., 224 Wis. 2d 174, 189, 589 N.W.2d 395 (1999). Harsh consequences are not the same as absurd results. The requirements of WIS. STAT. § 893.82 "must be strictly complied with even if it produces harsh consequences." Newkirk, 228 Wis. 2d at 833.
By the Court.  Order affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] WISCONSIN STAT. § 893.82(2m) provides: "No claimant may bring an action against a state officer, employee or agent unless the claimant complies strictly with the requirements of this section."