Estate of Danny L. Hopgood by Angela M.
Turner, Special Administrator, Carolyn Turner, a
minor, by her Guardian ad Litem, Ronald C.
Curtis, Ula Hopgood, a minor, by her Guardian
ad Litem, Michael D. Egelhoff, Perry Macon,
Aaron Stroud, John Odom, Jr. and
Michael Sensy, Plaintiffs-Appellants-Petitioners,

v.

Jimmy D. Boyd, Defendant-Respondent,

Kenosha Beef International, Ltd. Employee
Health Plan and Wisconsin Department of
Health Services, Defendants.

Supreme Court

*No. 2011AP914. Oral argument November 6, 2012.
—Decided January 3, 2013.*

2013 WI 1

(Also reported in 825 N.W.2d 273.)

For the plaintiffs-appellants-petitioners, there were briefs filed by *Daniel A. Rottier, Timothy S. Trecek, Rhonda L. Lanford,* and *Habush, Habush & Rottier, S.C.,* Milwaukee, and *Ronald Curtis* and *Curtis Law Office,* Milwaukee, and *Michael D. Egelhoff* and *Egelhoff Law Offices,* Wauwatosa, and oral argument by *Daniel A. Rottier.*

For the defendant-respondent, the cause was argued by *John J. Glinski,* assistant attorney general, with whom on the brief was *J.B. Van Hollen,* attorney general.

¶ 1. ANN WALSH BRADLEY, J.   The petitioners, a group consisting of the Estate of Danny L. Hopgood and individuals who suffered injuries arising from an automobile accident,[1] seek review of an order of the court of appeals summarily affirming the circuit court, which entered summary judgment in favor of respondent Jimmy D. Boyd.[2] Because Boyd was an agent of the State of Wisconsin, the petitioners served notices of claims upon the attorney general. Boyd moved for dismissal on the ground that the notices were not

---

[1] The petitioners in this matter are as follows: the Estate of Danny L. Hopgood, by Angela M. Turner; the special administrator, Carolyn Turner, by her guardian ad litem Ronald C. Curtis; Ula Hopgood, by her guardian ad litem Michael D. Egelhoff; Perry Macon; Aaron Stroud; John Odom, Jr.; and Michael Sensy. This opinion will refer to them collectively as "the petitioners."

[2] *Estate of Hopgood v. Boyd,* No. 2011AP0914, unpublished slip op. (Ct. App. Feb. 9, 2012), summarily affirming the circuit court for Dane County, Daniel R. Moeser, J., presiding.

properly "sworn to" as Wis. Stat. § 893.82(5) (2009–10) requires.[3] The circuit court agreed with Boyd and granted summary judgment.

¶ 2. The petitioners argue that their notices were properly "sworn to" under Wis. Stat. § 893.82(5) because each notice of claim in this case complies with *Kellner v. Christian,* 197 Wis. 2d 183, 539 N.W.2d 685 (1995). Additionally, the petitioners argue that *Newkirk v. Dep't. of Transp.,* 228 Wis. 2d 830, 598 N.W.2d 610 (Ct. App. 1999), which subsequently interpreted *Kellner,* unreasonably extended its holding.

¶ 3. We conclude that *Kellner* sets forth two requirements in order for a notice of claim to be properly "sworn to" under Wis. Stat. § 893.82(5). First, a formal oath or affirmation must be taken by a claimant. *Kellner,* 197 Wis. 2d at 198. Second, the notice of claim must contain a statement showing that the oath or affirmation occurred. *Id.* To the extent that *Newkirk* appears to expand those requirements, it misapplied *Kellner* and we withdraw that language in *Newkirk.*

¶ 4. We further conclude that the notices in this case meet the two *Kellner* requirements and are therefore properly "sworn to" under Wis. Stat. § 893.82(5). Nevertheless, in the future, to promote certainty and to avoid unnecessary litigation, we urge claimants to file notices of claims using a jurat in which the notary sets forth that the notice was "sworn to" or affirmed before the notary.[4] Accordingly, we reverse the court of appeals and remand to the circuit court for further proceedings.

---

[3] All subsequent references to the Wisconsin Statutes refer to the 2009–10 version unless otherwise indicated.

[4] " 'Jurat' is the name given to the notary's written certificate, which should appear after the signature of a person who has given an oath, or has made a sworn statement." Wisconsin Dep't of Financial Institutions, Notary Public Information 10

¶ 5.    This case arises out of an automobile accident involving a vehicle owned by the State of Wisconsin and driven by Boyd. The state-owned vehicle was traveling on Highway 142 in the Township of Paris, Kenosha County, Wisconsin. Boyd lost control of the vehicle and it went off the road, rolling over several times. Danny L. Hopgood died in the accident and Perry Macon, Aaron Stroud, John Odom, Jr., and Michael Sensy each sustained injuries. The petitioners collectively allege that Boyd was negligent and that his negligence caused the injuries.

¶ 6.    The complaint alleges that Boyd was acting as an agent or representative of the State of Wisconsin. Thus, the petitioners were each required to file a notice of claim upon the attorney general under Wis. Stat. § 893.82(3).[5]

¶ 7.    The notices in this case were prepared by attorneys from the law firm of Habush Habush &

---

(2012), *available at* http://www.wdfi.org/Notary_Public_and_Trademarks/pdf/notary_info_brochure.pdf (last visited Dec. 3, 2012).

[5] Wisconsin Stat. § 893.82(3) provides the following:

(3) Except as provided in sub. (5m), no civil action or civil proceeding may be brought against any state officer, employee or agent for or on account of any act growing out of or committed in the course of the discharge of the officer's, employee's or agent's duties, . . . unless within 120 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim for the injury, damage or death and the names of persons involved, including the name of the state officer, employee or agent involved. Except as provided under sub. (3m), a specific denial by the attorney general is not a condition precedent to bringing the civil action or civil proceeding.

Rottier, S.C. They were executed before two different notaries public, Cynthia A. Wagner and Karla Christel. Both were paralegals at the law firm. As part of the summary judgment proceedings before the circuit court, Wagner and Christel submitted affidavits describing the oaths they administered to each petitioner when the notices were executed.[6]

¶ 8. The first oath was administered to Perry Macon by Wagner. Macon read the notice of claim and Wagner also read it to him. She asked him if he understood what he had read, and he answered "yes." Macon then raised his right hand and Wagner asked him if he swore that the information contained in the notice was the truth and nothing but the truth so help him God based on the knowledge and information he had at the time of signing the notice. Macon said "yes." Wagner asked if Macon understood that he was swearing under "penalty of perjury" and if he understood what that meant. Macon again answered "yes." Macon signed the notice in Wagner's presence and Wagner also signed it.

¶ 9. Wagner later administered an oath to Angela M. Turner. Turner signed a notice of claim on behalf of the Estate of Danny L. Hopgood, Carolyn Turner, and Ula Hopgood. Attorney Ronald C. Curtis and Attorney Michael D. Egelhoff, the guardians ad litem for Carolyn Turner and Ula Hopgood, were also present. Wagner asked Turner to raise her right hand and asked if she swore that the information contained in the notice was the truth and nothing but the truth so help her God based on the knowledge and information she had at the time of signing the notice. Turner answered "yes" in

---

[6] The affidavits submitted by Wagner and Christel are uncontroverted and neither party disputes their characterization of the oaths that were administered.

response. Wagner further asked Turner if she understood that she was signing the notice "under penalty of perjury" and if Turner understood what that meant, and Turner indicated that she understood. Turner then signed the notice of claim in Wagner's presence, and Wagner signed the notice as well.

¶ 10.  The remainder of the oaths in this case were administered by Christel. Christel administered three separate oaths to Attorney Ricardo Perez, who represented Aaron Stroud, John Odom, Jr., and Michael Sensy.[7] For each notice of claim, Christel asked Attorney Perez if he understood what he had read. He replied "yes." He then raised his right hand and Christel asked him if the information contained in each notice was the truth and nothing but the truth so help him God based on the knowledge and information that he had at the time of signing the notice. Attorney Perez replied "yes." Christel then asked Attorney Perez if he understood that he was swearing "under penalty of perjury" and if he understood what that meant, and Attorney Perez indicated that he understood. Attorney Perez signed each notice of claim before Christel, and she also signed each of them.

¶ 11.  All of the notices that are the subject of this appeal contain substantially identical written statements regarding the oaths that were taken before Wagner and Christel. Specifically, the notices state:

> The Notary Public who signed below has given me an oral oath to tell the truth, the whole truth, and nothing

---

[7] Wisconsin Stat. § 893.82(1)(b) defines a "claimant" to mean "the person or entity sustaining the damage or injury or his or her agent, attorney or personal representative." The parties do not dispute that Attorney Perez could properly swear to the notices on his clients' behalf.

but the truth so help me God; and in giving this Notice to the Office of the Attorney General I did so bearing in mind the penalties of false swearing.

I hereby certify that all statements contained herein are true, and that the injuries and damage actually occurred; that I have read the above and foregoing Notice of Claim, and that the same is true to my own knowledge, except as to those matters therein stated upon information and belief, and as to those matters, I believe the same to be true.

The notary blocks on the notices that Wagner and Christel signed are also substantially identical. They each state the following:

Personally appeared before me this ___ day of [month], 2009, the above named [claimant], to me known to be the claimant herein, who signed the foregoing in my presence.

¶ 12. After the notices were signed, the petitioners served them upon the attorney general and proceeded to commence an action against Boyd.[8] After the petitioners commenced this action, Boyd moved for dismissal. In his motion, Boyd argued that the petitioners each failed to strictly comply with the requirements of Wis. Stat. § 893.82. Boyd contended that the petitioners had not properly "sworn to" the notices as they were required to do by Wis. Stat. § 893.82(5).[9] Because the notices did not contain a statement by the notaries that they administered the oaths and instead included a

[8] The parties do not dispute that the attorney general was served using an appropriate method and that the petitioners' service on the attorney general was timely.

[9] Wisconsin Stat. § 893.82(5) provides the following:

(5) The notice under sub. (3) shall be sworn to by the claimant and shall be served upon the attorney general at his or her office in the

72

statement by the claimants to the same effect, Boyd argued that the notices were defective.

¶ 13.   In opposition to Boyd's motion, the petitioners argued that the notices were properly "sworn to" under Wis. Stat. § 893.82(5) and *Kellner.* Although the notary blocks did not contain statements by the notaries that the notices were "sworn to" before them, the petitioners argued that the text of the notices clearly stated that the oaths had in fact been administered by the notaries. Because the law does not require in a notice of claim that a notary state a claim has been "sworn to," the petitioners argued that the notices strictly complied with Wis. Stat. § 893.82(5).

¶ 14.   Treating Boyd's motion to dismiss as a motion for summary judgment, the circuit court determined that the petitioners did not strictly comply with Wis. Stat. § 893.82(5).[10] The circuit court, interpreting the court of appeals' analysis of *Kellner* in *Newkirk,* concluded that a notice of claim must contain a statement by the authorized person giving the oath that the oath was taken. Because none of the notices contained such a statement, the circuit court determined that the notices were defective. Accordingly, the circuit court granted summary judgment to Boyd.

¶ 15.   The petitioners moved the circuit court to reconsider its decision. They contended that although they had provided supplemental affidavits proving that

capitol by certified mail. Notice shall be considered to be given upon mailing for the purpose of computing the time of giving notice.

[10] The parties submitted matters outside the pleadings in litigating the motion to dismiss and the circuit court did not exclude the additional evidence that was submitted. Therefore, the circuit court properly converted the motion to dismiss to a motion for summary judgment. Wis. Stat. § 802.06(2)(b).

the notices were "sworn to," the notices contained all of the information that the statute requires. Additionally, the petitioners contended that nothing in *Kellner,* which interpreted Wis. Stat. § 893.82(5), requires in the notice of claim a statement by the authorized person giving the oath that the oath was taken. They additionally argued that *Kellner,* not *Newkirk,* controlled the disposition of the case.

¶ 16.  In an oral decision, the circuit court denied the motion for reconsideration. The circuit court concluded that "*Newkirk* does control" the result in the case, and that when one "read[s] all the cases together, you need some authorized person to say that the parties took an oath . . . ."

¶ 17.  The petitioners appealed and the court of appeals summarily affirmed the circuit court. The court of appeals reasoned that this case was controlled by language in *Kellner* "stating that a notice of claim must contain an 'acknowledgement by an authorized person that the oath was taken.' " The court of appeals also relied on *Newkirk,* explaining that *Newkirk* "interpret[ed]" *Kellner* to "mak[e] it clear that a notice of claim . . .must include . . .an 'acknowledgement by an authorized person that the oath was taken,' and-. . .must be in a form rendering the signer 'punishable for perjury' should the statement be untrue."

II

¶ 18.  In this case, we are called to determine whether the circuit court properly granted summary judgment in favor of Boyd. We review a circuit court's grant or denial of summary judgment independent of the determinations of the circuit court and the court of

appeals. *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987).

¶ 19.   The circuit court's decision to grant summary judgment turned on its interpretation of Wis. Stat. § 893.82(5). Interpretation of a statute presents a question of law, which we review independent of the determinations of the circuit court and the court of appeals. *Kellner,* 197 Wis. 2d at 190.

### III

¶ 20.   To resolve this dispute, we must first determine what Wis. Stat. § 893.82(5) requires in order for a notice of claim to be properly "sworn to" by a claimant. We begin by examining the text of Wis. Stat. § 893.82(5), which requires that a notice of claim "shall be sworn to by the claimant and shall be served upon the attorney general at his or her office in the capitol by certified mail."[11] The text of the statute does not set

---

[11] Serving a notice of claim is an essential step in commencing an action against the State. Within 120 days of an event causing injury, damage or death that gives rise to the civil action or proceeding, a claimant must serve upon the attorney general a "written notice of claim stating the time, date, location and the circumstances of the event" giving rise to the claim. Wis. Stat. § 893.82(3). The notice of claim must additionally contain the names of persons involved, including the name of the state officer, employee or agent implicated in the injury-causing event. *Id.*

Wisconsin Stat. § 893.82(2m) forbids a claimant from bringing an action against a state officer, employee or agent unless the claimant "complies strictly" with the requirements set forth in the statute. Failure to give notice that strictly complies with the statute is a jurisdictional defect. *Ibrahim v. Samore,* 118 Wis. 2d 720, 726, 348 N.W.2d 554 (1984).

75

forth any definition of what "sworn to by the claimant" means and does not indicate whether it is the claimant or an authorized person who must show on the face of a notice of claim that it was "sworn to." Wis. Stat. § 893.82(5).

¶ 21.  We look then to other statutes that may inform our inquiry. Wisconsin Stat. § 990.01, which sets forth general definitions, provides that the term "sworn" includes " 'affirmed' in all cases where by law an affirmation may be substituted for an oath." Wis. Stat. § 990.01(41). That definition suggests an oath or affirmation is required for a notice of claim to be "sworn to" by a claimant. Wisconsin Stat. § 990.01(41) does not, however, set forth any standard advising us who must state on the face of a notice of claim that its contents were "sworn to."

¶ 22.  Wisconsin Stat. § 887.03 sheds some light on our inquiry. It sets forth acceptable methods by which an oath or affirmation may be administered, allowing them to be in "any of the usual forms." Wis. Stat. § 887.03. Any person who takes an oath or affirmation in the "usual forms" is deemed to have been lawfully sworn or affirmed for "any oath or affidavit required or authorized by law." *Id.* The phrase "usual forms" is not defined in the statutes. Although that statute provides some guidance, it likewise does not advise us who must state on the face of a notice of claim that it was "sworn to."

¶ 23.  Because the statutes do not set forth who must state that a notice of claim was "sworn to," we look for guidance in case law. This court interpreted what the phrase "sworn to" means under Wis. Stat. § 893.82(5) in *Kellner.* In that case, a resident at the adolescent training unit at the Mendota Mental Health Institute was injured while playing basketball in the patient courtyard under the supervision of a residential

76

care technician. 197 Wis. 2d at 188. Following the injury, the resident and his parents commenced an action against the residential care technician, the director of the Mendota Mental Health Institute, and the management services director of the Mendota Mental Health Institute. *Id.*

¶ 24.  Because the defendants were employees of the State of Wisconsin, the resident and his parents were required to serve notices upon the attorney general. The resident and his father were assisted by an attorney in executing their notices. The attorney asked the resident and his father to read the notices he had prepared, whether they understood the notices, and whether the content of the notices were true and accurate to the best of their knowledge.[12] *Id.*

¶ 25.  The resident and his father signed the notices and the attorney, as guardian ad litem for the resident, also signed the resident's notice. The notices were executed before a notary who verified that the signers were known to her to be the persons who signed them. The notary signed a notary block that stated the following:

> Personally came before me this 28th day of October, 1991, the above named [claimant], to me known to be the person who executed the foregoing instrument and acknowledged the same.

*Id.* at 189. No oath was administered by the notary. The resident's mother later executed her notice of claim before a witness who was not authorized to administer oaths.

---

[12] Although the attorney asked whether the resident and his father believed the contents of the notices were true, the attorney did not ask them to swear an oath or affirmation to that effect.

¶ 26. The notices were served upon the attorney general and the State of Wisconsin denied the claims. When the resident and his parents commenced an action, the State argued that the circuit court lacked jurisdiction because the notices did not comply with Wis. Stat. § 893.82(5).

¶ 27. This court agreed with the State. Examining the statute, the *Kellner* court determined that the clear language of Wis. Stat. § 893.82(5) requires a claimant to take a formal oath or affirmation that the contents of the notice are true.

¶ 28. Under *Kellner,* an oath or affirmation must be more than a mere acknowledgement.[13] *Id.* at 190–91. The *Kellner* court dismissed acknowledgements as merely "a method of authenticating an instrument by showing that it was the act of the person executing it." *Id.* at 192 (citing *H.A.M.S. Co. v. Electrical Contractors of Alaska, Inc.,* 563 P.2d 258, 260 (1977)). Acknowledgements are unacceptable because they merely provide official evidence of a document's execution, not of the truth of a document.[14] *Anderson's Manual for Notaries Public* § 2.20(a) (9th ed. 2001).

¶ 29. An oath or affirmation, by contrast, is "in some form an unequivocal and present act by which the affiant consciously takes upon himself the obligation of an oath." *Kellner,* 197 Wis. 2d at 192. Oaths and affir-

---

[13] An "acknowledgment" is defined in the statutes as "a declaration by a person that the person has executed an instrument for the purposes stated therein . . . ." Wis. Stat. § 706.07(1).

[14] A popular treatise that discusses oaths and affirmations notes that generally, a requirement that a document be "sworn to" contemplates that the "facts contained in it are true, and not an acknowledgement." Rosemary Gregor, 3 *Am. Jur. 2d Affidavits,* § 2 (2012).

mations generally consist of a "solemn declaration, accompanied by a swearing to God or a revered person or thing, that one's statement is true or that one will be bound to a promise." Marie K. Pesando, 58 *Am. Jur. 2d Oath and Affirmation,* § 1 (2012).

¶ 30.   Unlike acknowledgements, oaths and affirmations require a person to swear or affirm the truth of a statement. *Id.* They are solemn, formal, and signify an obligation to speak the truth. *Id.* As this court declared in *Kellner,* oaths and affirmations "impress[] upon a[] claimant the fact that he or she is bound by the accuracy and truthfulness of the statement in the notice of claim." *Kellner,* 197 Wis. 2d at 193.

¶ 31.   Although *Kellner* requires an oath or affirmation, it did not set forth any specific format by which an oath or affirmation must be administered. *Kellner* simply requires that whatever the form, the oath or affirmation must be "an unequivocal and present act" by which the claimant consciously takes upon himself the obligation of an oath or affirmation. *Id.* at 192. If such an oath or affirmation is administered, it is acceptable under Wis. Stat. § 893.82(5).

¶ 32.   However, describing the manner in which an oath may be administered does not address the question of who must state on the face of a notice of claim that it was "sworn to." In answer to that question, *Kellner* set forth a second requirement, which is that the notice of claim must "contain a statement showing that the oath or affirmation occurred." 197 Wis. 2d at 198.

¶ 33.   What a claimant must do to comply with that second requirement is sharply disputed by the parties. Boyd argues that the court of appeals' analysis in *Newkirk* set forth the correct procedure. We turn to examine *Newkirk.*

79

¶ 34. The notice of claim in *Newkirk* was similar to the notices before this court in *Kellner.* Newkirk was injured in an automobile accident. *Newkirk,* 228 Wis. 2d at 832. She commenced an action against the Wisconsin Department of Transportation and several of its employees, alleging that they were negligent in failing to have proper signs in the area where the accident occurred. *Id.* A notice of claim was signed by Newkirk's attorney and served upon the attorney general. *Id.* Under the attorney's signature, the following statement appeared on the notice of claim:

> I, Melissa Newkirk, claimant, being sworn, state that I have read the notice of claim and know the contents to be true.

*Id.* at 833. Newkirk's signature followed her statement, but her execution of the document was not notarized. *Id.* Other than her statement, there was no evidence that she had taken any oath or affirmation or any indication who may have sworn her to the notice of claim.

¶ 35. After rejecting Newkirk's argument that her signature alone was sufficient, the court of appeals interpreted *Kellner* in the following manner:

> Among other things, *Kellner* makes it clear that: (1) strict compliance with § 893.82(5), stats., is required in all cases; and (2) the oath required by the statute's terms (a) must include, among other things, an "acknowledgment by an authorized person that the oath was taken," and (b) must be in a form rendering the signer "punishable for perjury" should the statement be untrue.

*Id.* at 837 (citation omitted).

¶ 36. The petitioners argue that the analysis in *Newkirk* is flawed in two respects. First, they argue

80

that Wis. Stat. § 946.31(1), the perjury statute, does not punish an individual for falsely swearing to a notice of claim before a notary public.[15] Wisconsin Stat. § 946.31(1) lists several instances when a person can be prosecuted for perjury, but they argue that falsely swearing to a notice of claim is not one of them. Second, the petitioners contend that *Kellner* does not require a notice of claim to contain a statement by a notary that the oath or affirmation was taken before the notary. We address each argument in turn.

¶ 37. *Newkirk* interpreted *Kellner* to require that a notice of claim be in a form that renders the signer punishable for perjury should the statement be untrue. *Newkirk,* 228 Wis. 2d at 837. However, the *Kellner* court did not require that a notice of claim be in a form that allows for an individual's prosecution for perjury. *Kellner*'s holding requires that a notice of claim "con-

---

[15] Wisconsin Stat. § 946.31(1) states the following:

Perjury. (1) Whoever under oath or affirmation orally makes a false material statement which the person does not believe to be true, in any matter, cause, action or proceeding, before any of the following, whether legally constituted or exercising powers as if legally constituted, is guilty of a Class H felony:

(a) A court;

(b) A magistrate;

(c) A judge, referee or court commissioner;

(d) An administrative agency or arbitrator authorized by statute to determine issues of fact;

(e) A notary public while taking testimony for use in an action or proceeding pending in court;

(f) An officer authorized to conduct inquests of the dead;

(g) A grand jury;

(h) A legislative body or committee.

tain a statement showing that the oath or affirmation occurred." *Kellner,* 197 Wis. 2d at 192.

¶ 38. The *Kellner* court expressly recognized that Wisconsin law punishes falsely swearing to a notice of claim under Wis. Stat. § 946.32, the false swearing statute.[16] After its discussion illustrating the solemnity required of an oath or affirmation, the *Kellner* court stated that a "claimant who makes a fraudulent claim while under oath can be charged with *false swearing.*" 197 Wis. 2d at 194 (emphasis added).

¶ 39. False swearing as defined in Wis. Stat. § 946.32 does punish an individual who falsely swears to a notice of claim. Unlike perjury, as defined in Wis. Stat. § 946.31(1), the false swearing statute penalizes

---

[16] Wisconsin Stat. § 946.32 states the following:

False Swearing. (1) Whoever does either of the following is guilty of a Class H felony:

(a) Under oath or affirmation or upon signing a statement pursuant to s. 887.015 makes or subscribes a false statement which he or she does not believe is true, when such oath, affirmation, or statement is authorized or required by law or is required by any public officer or governmental agency as a prerequisite to such officer or agency taking some official action.

(b) Makes or subscribes 2 inconsistent statements under oath or affirmation or upon signing a statement pursuant to s. 887.015 in regard to any matter respecting which an oath, affirmation, or statement is, in each case, authorized or required by law or required by any public officer or governmental agency as a prerequisite to such officer or agency taking some official action, under circumstances which demonstrate that the witness or subscriber knew at least one of the statements to be false when made. The period of limitations within which prosecution may be commenced runs from the time of the first statement.

(2) Whoever under oath or affirmation or upon signing a statement pursuant to s. 887.015 makes or subscribes a false statement which the person does not believe is true is guilty of a Class A misdemeanor.

individuals who "make[] or subscribe[] a false statement which [they] do not believe to be true," when made under an oath or affirmation that is authorized or required by law. Wis. Stat. § 946.32(1)(a). The *Kellner* court recognized this distinction, using the term "false swearing" when referring to a notice of claim and using the term "perjury" when referring broadly to other oaths and affirmations. 197 Wis. 2d at 191, 194. The *Kellner* court did not, however, hold that a notice of claim must be in a form that is punishable under the perjury statute.[17]

¶ 40. Likewise, the *Newkirk* court's conclusion that *Kellner* requires a statement by an authorized person on the face of a notice of claim that the oath was administered also unnecessarily expands the holding of *Kellner. Newkirk,* 228 Wis. 2d at 837. The *Newkirk* court interpreted *Kellner* to require the following:

> Among other things, Kellner makes it clear that: (1) strict compliance with § 893.82(5), stats., is required in all cases; and (2) the oath required by the statute's terms (a) must include, among other things, an "acknowledgment by an authorized person that the oath was taken," and (b) must be in a form rendering the signer "punishable for perjury" should the statement be untrue.

*Id.* (citation omitted).

---

[17] An individual swearing to a notice of claim in most circumstances cannot be prosecuted for perjury. Swearing to a notice of claim before a notary does not satisfy the elements of the perjury statute because it is not "in any matter, cause, action or proceeding," or before any of the parties listed in the statute. Wis. Stat. § 946.31(1). Any requirement that mandated a format that is punishable by perjury would effectively eliminate the common practice of swearing or affirming a notice of claim before a notary, because that act is not punishable under the perjury statute.

83

¶ 41. *Kellner* requires "evidence on the face of the notice that the claimant has sworn to its contents." *Kellner,* 197 Wis. 2d at 194. The *Kellner* court recognized that oral swearing to a notice of claim without some evidence on the face of the notice is insufficient, but did not require that the statement on a notice of claim be in any specific format. *Id.* at 193–94.

¶ 42. *Kellner's* holding does not require in a notice of claim that an authorized person be the one making the statement that an oath or affirmation occurred. *Id.* Instead, *Kellner* requires that "the notice . . . contain a statement showing that the oath or affirmation occurred." *Id.* at 198.

■■

¶ 43. *Kellner's* holding set forth two requirements. First, a claimant must make an oath or affirmation as to the truthfulness of the contents of the notice. *Id.* Second, the notice "must contain a statement showing that the oath or affirmation occurred" before the notary. *Id.* Neither requirement demands that a false notice of claim be punishable for perjury or that a notice of claim must contain a statement by a notary that an oath or affirmation was administered. To the extent that *Newkirk* expanded *Kellner's* holding in either respect, its language expanding *Kellner* is withdrawn.[18]

IV

¶ 44. Having identified who must state on the face of a notice of claim that it was "sworn to," we turn to evaluate the notices of claims presented in this case.

---

[18] *See supra* ¶ 35 (indicating that the notice "(a) must include, among other things, an "acknowledgment by an authorized person that the oath was taken," and (b) must be in a form rendering the signer "punishable for perjury" should the statement be untrue.")

Here, Wagner and Christel administered oaths to the petitioners in their capacities as notaries public. Wis. Stat. § 706.07(1)(c).

¶ 45.   *Kellner*'s first requirement that each claimant must make an oath or affirmation as to the truthfulness of the contents of each notice of claim is satisfied. The oaths administered in this case were unquestionably in a form that constitutes "an unequivocal and present act by which the affiant consciously takes upon himself the obligation of an oath." *Kellner,* 197 Wis. 2d at 192. No one disputes that the verbal oaths here failed to meet the "any of the usual forms" requirement in Wis. Stat. § 887.03.

¶ 46.   Additionally, the notices of claims satisfy the second *Kellner* requirement that they contain statements showing that the oaths or affirmations occurred before the notaries in this case. *Kellner,* 197 Wis. 2d at 198. The statement on each notice of claim clearly indicates that Wagner or Christel, who notarized it, administered an oath to each petitioner. The statements aver that each oath was made under penalty of false swearing and certify that the statements made in the notices were true to the best of the petitioners' knowledge. Each notice of claim in this case provides sufficient evidence on its face that the oaths or affirmations occurred before the notaries.

¶ 47.   Having determined that the text of the notices of claims fulfill the mandate of *Kellner,* we observe that the uncontested affidavits submitted by Wagner and Christel add further support to our conclusion. The parties submitted those affidavits in connection with Boyd's motion to dismiss and the circuit court accepted them and converted the motion to one of summary judgment.

¶ 48.   The affidavits describe in detail the process by which the petitioners swore to the notices in this case. Wagner and Christel aver that they notarized the statements contained in the notices, all of which contained a statement that "[t]he Notary Public who signed below has given me an oral oath . . . ." Wagner and Christel further depict a series of solemn, formal oaths that they administered at the time the notices were executed and notarized. The affidavits clearly show that Wagner and Christel not only administered proper oaths, but also notarized the documents with the knowledge that they were endorsing the statements on the notices. They leave no room for doubt that the letter and the spirit of *Kellner* is satisfied in this case.

¶ 49.   Although we conclude that the notices in this case comply with *Kellner*, we nevertheless urge parties in the future to file notices of claims using a jurat in which the notary sets forth that the notice was "sworn to" or affirmed before the notary. The parties at oral argument expressed a desire for greater "certainty" regarding what must appear on a notice of claim. The *Kellner* court likewise emphasized a greater need for certainty in order to avoid a case-by-case analysis of whether a claimant has complied with the requirements of Wis. Stat. § 893.82(5). *See Kellner*, 197 Wis. 2d at 195. Notices that clearly comply with the statute not only reduce the number of meritless claims, but they also fulfill the purpose of enabling the attorney general to more effectively conduct legal business.[19] *Id.* at 194.

---

[19] The purposes of Wis. Stat. § 893.82 are set forth in Wis. Stat. § 893.82(1). That statute states the following:

(1) The purposes of this section are to:

(a) Provide the attorney general with adequate time to investigate claims which might result in judgments to be paid by the state.

¶ 50.   Furthermore, as this court noted in *Kellner*, the purposes of Wis. Stat. § 893.82(5) are "reinforced" by avoiding an added level of litigation. *Id.* The reason such an added level of litigation is undesirable is on full display in this case. The merits of this case have not yet begun to be addressed by the parties or the circuit court even though it is more than a year after the complaint was filed.

¶ 51.   Although neither Wis. Stat. § 893.82(5) nor *Kellner* requires any specific format, in order to promote certainty and avoid unnecessary litigation, we urge parties in the future to file notices of claims using a jurat in which the notary sets forth that the notice was "sworn to" or affirmed before the notary. Wisconsin Stat. § 706.07(8)(c) provides a statutory form of a jurat for a verification upon oath or affirmation:

State of . . . .

County of . . . .

Signed and sworn to (or affirmed) before me on (date) by (name(s) of person(s) making statement).

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

(Signature of notarial officer)

(Seal, if any)

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

Title (and Rank)

[My commission expires: . . . .]

(b) Provide the attorney general with an opportunity to effect a compromise without a civil action or civil proceeding.

(c) Place a limit on the amounts recoverable in civil actions or civil proceedings against any state officer, employee or agent.

Wis. Stat. § 706.07(8)(c). Any jurat in the statutory form described above unambiguously complies with the mandates of *Kellner* and Wis. Stat. § 893.82(5).

V

¶ 52.  In sum, we conclude that *Kellner* sets forth two requirements in order for a notice of claim to be properly "sworn to" under Wis. Stat. § 893.82(5). First, a formal oath or affirmation must be taken by a claimant. *Kellner*, 197 Wis. 2d at 198. Second, the notice of claim must contain a statement showing that the oath or affirmation occurred. *Id.* To the extent that *Newkirk* appears to expand those requirements, it misapplied *Kellner* and we withdraw that language in *Newkirk*.

¶ 53.  We further conclude that the notices in this case meet the two *Kellner* requirements and are therefore properly "sworn to" under Wis. Stat. § 893.82(5). Nevertheless, in the future, to promote certainty and to avoid unnecessary litigation, we urge claimants to file notices of claims using a jurat in which the notary sets forth that the notice was "sworn to" or affirmed before the notary. Accordingly, we reverse the court of appeals and remand to the circuit court for further proceedings.

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded.